[Civil No. 1724.   Filed April 28, 1920.]

[189 Pac. 243.]

WILLIAM C. GORDON, Administrator of the Estate of GEORGE W. KAISER, Deceased, Appellant, v. THERESA BREWER, Appellee.

1. APPEAL AND ERROR—VERDICT SUPPORTED BY EVIDENCE NOT DISTURBED.—The Supreme Court will not disturb verdict supported by evidence, although disputed.

2. NEW TRIAL—NEWLY DISCOVERED EVIDENCE THAT IS IMPEACHING OR CUMULATIVE NOT GROUND FOR NEW TRIAL.—As a general rule a

new trial will not be granted on newly discovered evidence that
would tend only to contradict or impeach some of the witnesses or
upon evidence that is cumulative in its character.

APPEAL from a judgment of the Superior Court
of the County of Pima. Samuel L. Pattee, Judge.
Affirmed.

Messrs. Richey & Richey, for Appellant.

Mr. Josiah Ide and Mr. Owen T. Rouse, for
Appellee.

ROSS, J.—This is an action of replevin brought by
the administrator of the estate of George W. Kaiser,
deceased, to recover from defendant an automobile
(or its value) claimed to be the property of the es-
tate. The defendant claimed in her answer that
Kaiser in his lifetime gave the automobile to her.
The case was tried before the court with a jury.
The jury found the issues in favor of the defendant.
A motion for a new trial was denied and judgment
rendered on the verdict. The appeal is from the
judgment and the order overruling motion for a new
trial.

The assignments of error are about as indefinite
and general as it is possible to make them. It may
be gathered therefrom, however, that the plaintiff's
contention is that the evidence does not support the
verdict and that the jury disregarded the court's in-
structions. The trial court was of the opinion that
there was evidence before the jury and signified it by
refusing to instruct a verdict in favor of plaintiff
upon his motion at the close of the taking of the
testimony, and by submitting, under unobjectionable
instructions, the issues to the jury, and also by over-
ruling motion for new trial based almost wholly upon
the insufficiency of the evidence to support the ver-
dict. The trial court saw and heard the witnesses,
with the advantage of observing their manner and

conduct, and, when challenged by proper and timely motions to set the verdict aside on the ground of the insufficiency of the evidence to support it, refused to do so and in effect thereby gave to it his approval.

Without setting out the evidence in support of the appellee's claim that Kaiser gave her the automobile, we will say the testimony to that effect was direct, positive, and substantial, and, although disputed and seriously questioned, amply sufficient, if believed by the jury, to support the verdict and judgment. We have frequently announced the rule that, in such circumstances, we will not disturb the jury's verdict.

The newly discovered evidence upon which a new trial was asked was of an impeaching and contradictory character disclosed after verdict by two persons who testified in the case in behalf of the defendant. It was similar to testimony at the trial, and therefore cumulative. It is not at all probable it would have influenced the verdict, or that upon a retrial it would cause a different result. It is not thought proper or advisable, as a general rule, to grant a new trial on newly discovered evidence that would tend only to contradict or impeach some of the witnesses, or upon evidence that is cumulative in its character. 20 R. C. L. 294, 295, §§ 76 and 77.

The judgment of the lower court is affirmed.

CUNNINGHAM, C. J., and BAKER, J., concur.