[Civil No. 1832.  Filed January 26, 1921.]

[194 Pac. 958.]

WILLIAM R. CURRY, Appellant, v. W. C. WINDSOR, Appellee.

1. FRAUD—PARTNERSHIP—REMEDIES OF DEFRAUDED PARTY ON DISSOLUTION.—When two or more members of which a firm is composed settle their partnership affairs and dissolve the partnership, if one of the partners is defrauded in the settlement, he may either rescind the settlement or bring an action on the case for deceit.

2. PARTNERSHIP—COMPROMISE AND SETTLEMENT—ONE RESCINDING SETTLEMENT MUST ACT PROMPTLY AND RESTORE WHAT HE HAS RECEIVED.—If a partner is defrauded in a settlement on dissolution and elects to rescind he must do so promptly upon discovery of the fraud and restore whatever he has received under the settlement, and when this is done the parties are restored to their former rights and made subject to their former liabilities, and the defrauded party may bring an equitable action for dissolution and an accounting.

3. FRAUD—MEASURE OF DAMAGES TO PARTNER DEFRAUDED IN SETTLEMENT ON DISSOLUTION STATED.—Where partner defrauded in settlement on dissolution sought damages for deceit, the measure of damages was the difference between the actual value of the property he received for his share and its value as represented by the other partner or partners, and the latter must make good their representations of fact as though they had given a warranty to that effect.

4. TRIAL—COURT SHOULD INSTRUCT UPON MEASURE OF DAMAGES.—Generally speaking, the court should instruct the jury as to the

1. On the question of fraud and deceit as affecting compromise and settlement of claim, see notes in 25 L. R. A. (N. S.) 308; 16 Ann. Cas. 935.

On effect of fraud by partner in relation to partnership real estate, see note in 28 L. R. A. 104.

proper measure of damages, and the elements to be considered in fixing them, as the jury cannot be left to find any damages to which they think the injured party may be entitled.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Judgment reversed and new trial ordered.

STATEMENT OF FACTS.

For some time prior to December 6, 1916, W. R. Curry, A. W. Wright, and William C. Windsor were partners, engaged in the grocery and produce business at Wickenburg, Arizona, under the firm name of Wickenburg Grocery & Produce Company. On said sixth day of December, 1916, the partnership was dissolved and a settlement of partnership affairs made between the partners according to the terms of a written agreement whereby Wright and Windsor each conveyed to Curry his one-third interest in the partnership business and took in consideration therefor an undivided one-third interest to each in 125 lots owned, or at least held, by Curry, Windsor paying to Curry eleven hundred dollars in cash and delivering to him his promissory note for two hundred and fifty-five dollars, and Wright giving to Curry a lien upon his one-third interest in the lots as security for the balance owing by him to Curry. Curry retained his one-third interest in the one hundred and twenty-five lots. Several months after entering into this agreement, the parties divided the one hundred and twenty-five lots, each receiving forty lots (five of the lots having been sold). Subsequently Windsor gave to Curry his promissory note for two hundred and five dollars in lieu of the note theretofore given for two hundred and fifty-five dollars, of the principal sum fifty dollars having in the meantime been paid by Windsor. Curry, as plaintiff, brought this action against Windsor on the note. Windsor, after

filing an answer consisting of a general demurrer, plea in abatement, general denial, and matter pleaded by way of affirmative defense, set up a cross-complaint alleging fraud and deceit by Curry in obtaining the execution of said contract and charging that Curry had appropriated large sums of money which he (Windsor) had paid into the partnership, etc. There was a verdict and judgment for Windsor on his cross-complaint in the sum of two thousand one hundred and fifteen dollars.

Messrs. Hayes & Allee and Mr. David L. Bishop, for Appellant.

Mr. S. B. Pugh, for Appellee.

BAKER, J. (After Stating the Facts as Above.)— There must be a new trial in this case. The legal effect of the agreement entered into by the parties was to dissolve the partnership and settle the partnership affairs as between them. No other rational interpretation can be put upon the agreement. When two or more members of which a firm is composed settle their partnership affairs and dissolve the partnership, if one of the partners is defrauded in the settlement, the law furnishes him with the choice between two remedies; he may rescind the settlement, or bring an action on the case for deceit. If he elects to rescind, he must do so promptly upon discovery of the fraud and restore whatever he has received under the settlement. If this is done the parties are restored to their former rights and made subject to their former liabilities. Windsor, if he had obtained a rescission of the agreement of settlement, would have been in the same position as he was before the execution of the agreement, and he could proceed in an equitable action for a dissolution of the partnership and an adjustment of the partnership

accounts and affairs. In such a proceeding Curry would be required to account for any moneys he received from Windsor for partnership purposes and misapplied by him.

Due to the confused and illogical state of the pleadings, it is a vexatious matter to determine just exactly what remedy Windsor was seeking in his cross-complaint. The only reasonable construction we are able to place upon the pleadings is that the cross-complaint constitutes an action on the case for deceit. If we are correct in this conclusion, then the true rule of damages in case of a verdict for Windsor is the difference between the actual value of the lots he received and their value if the alleged fact regarding them had been true. Curry is to make good his representations of fact as though he had given a warranty to that effect. This rule makes recovery exactly commensurate with the injury. The law will not allow Windsor to adhere to the settlement and resort to an action on the case for deceit and recover the whole or any portion of the moneys which he may have paid into the partnership and which Curry may have misappropriated. The very purpose of the agreement was to settle and adjust these payments.

The trial judge failed to give the jury any instructions upon damages. Generally speaking, the court should instruct the jury as to the proper measure of damages and the elements to be considered in fixing them. The jury cannot be left to find any damages to which they think the plaintiff may be entitled. If this were so, juries would become judges of the law as well as facts.

The judgment is reversed and new trial ordered.

ROSS, C. J., and McALISTER, J., concur.