[Civil No. 2682. Filed January 9, 1928.]

[262 Pac. 609.]

C. C. SHARPENSTEEN, Appellant, v. E. F. SANGUINETTI, Appellee.

Mr. Glenn Copple, for Appellant.

Mr. W. F. Timmons, for Appellee.

ROSS, C. J.—This is an appeal from an order granting a new trial. Succinctly stated, the complaint alleges that C. C. Sharpensteen, R. S. Sharpensteen, and the Second National Sureties Company had a claim upon an automobile that had been attached by defendant, Sanguinetti, in a suit against one Shroyer, as the latter's property, and were threatening to institute an action to try the right to such property, whereupon Sanguinetti promised and agreed, in consideration of their releasing said claim and forbearing to sue, to pay them their claim in the sum of $561.91. The plaintiff alleges that R. T. Sharpensteen and the Second National Sureties Company assigned their interest in and to said claim, and that he brings the suit in his own right and as assignee for value of his coclaimants. The answer filed by Sanguinetti was a general denial. In a jury trial, the plaintiff recovered the full amount of his claim.

The motion for new trial contains nine separate grounds. The judgment was vacated and a new trial ordered on the grounds of "accident and surprise and newly discovered evidence." These are statutory grounds. Thus it is provided (par. 584, Civil Code 1913) that a new trial may be granted for any of the following causes:

"(3) Accident or surprise which could not have been prevented by ordinary prudence.

"(4) Material evidence, newly discovered, which with reasonable diligence could not have been found and produced at the trial."

The supporting affidavit to motion was as follows:

"Wm. Balsz, being first duly sworn upon oath, says that, acting for and on behalf of the defendant since the trial of said cause, the affiant has made discovery of the following material evidence that could not have with due diligence been discovered before the trial, and which evidence, the defendant can and will, if a new trial be granted, secure and produce at a future trial of this cause as follows:

"(1) The automobile actually attached in the proceeding set out in paragraph 3 of plaintiff's complaint was not the automobile described therein nor the one covered by the conditional sales contract between Bill Shroyer and the Second National Sureties Company.

"(2) That at the time of the attachment of the said automobile the plaintiff nor R. T. Sharpensteen had any interest therein as owners legally or equitably but occupied the status of guarantors of the payments for Shroyer only and occupied the same status at the time said automobile was released from said attachment.

"(3) That during the month of December, 1925, and January, 1926, the plaintiff knew where said automobile was situate and was tendered possession of the same by the sheriff of Imperial County, California, and gave as his only reason for refusing the same that it was damaged while in the hands of the sheriff.

"(4) That no assignment either written or otherwise ever passed from either Second National Sure-

ties Company or W. A. McIntyre to the plaintiff or R. T. Sharpensteen of any interest in said automobile or any authority to represent either, prior to the bringing of this suit.

"(5) That the Second National Sureties Company had no information or knowledge that said automobile had been attached until December 30th, 1925, and did not authorize any agreement to waive third party claim on November 10th, 1925, or at any other time."

Counsel for defendant has not called our attention to anything occurring at or before the trial that might be said to be accident or surprise. There is nothing in the affidavit suggesting such. The issue was whether the plaintiff and his assignors had waived their claim against the automobile in favor of defendant, Sanguinetti, and whether the latter, in consideration thereof, had promised to pay their claim of $561.91. An inspection of the transcript of testimony discloses that the evidence on that issue at the trial was such as might have been expected. There was no question of fraud or deceit or want or failure of consideration in the case. Defendant had notice of the suit and an opportunity to defend, was present at the trial in person and by attorney, and introduced evidence in support of his defense. We cannot discover a scintilla of evidence in the record that would justify the granting of a new trial on the grounds of accident or surprise.

The affidavit of newly discovered evidence is not sufficient. It simply shows that affiant, "acting for and on behalf of defendant" had made discovery of what he calls evidence. So far as this affidavit is concerned, the defendant and his attorney may have known of such alleged evidence at the time of and before the trial. A proper and sufficient affidavit should have negatived such possibility. *Smith* v. *Shook*, 30 Mont. 30, 75 Pac. 513; *Chilton* v. *Commonwealth*, 170 Ky. 491, Ann. Cas. 1918B 851, 186 S. W. 191; 14 Ency. of Pl. & Pr. 823.

The affidavit does not show what diligence, if any, was used before the trial to discover the omitted evidence, nor does it show the names of the witnesses by whom defendant proposes to make proof thereof in case a new trial is granted. In these respects it was defective. 29 Cyc. 996; 20 R. C. L. 309, § 91; *Lowery* v. *State,* 98 Ala. 45, 13 South. 498; *Schmelzel* v. *Bradford,* 122 Ark. 611, 183 S. W. 771; *Wilson* v. *Waldron,* 12 Wash. 149, 40 Pac. 740.

Now, taking notice of the substance of the affidavit it will be observed that it sets forth and numbers the facts claimed to constitute the newly discovered evidence as 1, 2, 3, 4 and 5. Nos. 1 and 2 are contradictory, the former asserting that the automobile attached is not the one described in plaintiff's complaint, and the latter that plaintiff and R. T. Sharpensteen were only guarantors of the paper given on account of its purchase price. No. 3 confirms the facts of No. 2, and states that plaintiff knew where the attached automobile was in December, 1925, and January, 1926, and refused to accept a tender of its possession. The contract sued on is alleged to have been entered into on November 10th, 1925, and, if true the plaintiff was under no obligation to take the car back.

If it be a fact, as stated in 4 and 5, that plaintiff's assignors at the time of bringing suit had not assigned their claims to plaintiff, this would not be a ground for a new trial, since it is not questioned that such assignments were made and that plaintiff was the sole owner at the date of the trial. Even though plaintiff's coclaimants had not formally consented to the suit by plaintiff at the time of its filing, it abundantly appears they confirmed and ratified such action. If the assignments were not made until after suit was brought, it was at most an irregularity and did not affect the merits of the case.

It is of course the law that the granting of a new trial is largely in the discretion of the trial court, and that the reviewing court will not disturb the ruling except for an abuse of that discretion. What is meant by discretion in that connection is a legal discretion, one based upon reason and law. If the showing for a new trial is insufficient both in form and substance, as the one here appears to be, it may be said that there is no discretion to be exercised. The rule that should guide the trial judge in passing upon a motion for new trial is very well stated in *Sovereign Camp, etc.,* v. *Thiebaud,* 65 Kan. 332, 69 Pac. 348, as follows:

"The discretion of district courts in the matter of granting or refusing new trials is a legal, not a capricious, one. It must be warranted by law, and guided by established precedent. It may not be exercised simply because the judge might wish the verdict to be otherwise. The test and warrant for its use is, has the applicant therefor shown a legal reason for its existence?"

Searching the record for reasons to sustain the court's order granting a new trial, we find none. The showing with reference to accident or surprise is *nil.* The affidavit of newly discovered evidence is not only defective in form and wanting in substance, but contradictory, and upon another trial probably would not affect the verdict.

Under the facts as they appear in the record, it seems to us that it was error for the court to grant a new trial.

The judgment is therefore reversed, and the cause remanded, with directions that the motion be overruled, and the judgment reinstated.

LOCKWOOD and McALISTER, JJ., concur.