[Civil No. 3025. Filed July 13, 1931.]

[1 Pac. (2d) 110.]

CHAS. C. REN, Doing Business as REN–NASH MOTOR AGENCY, Appellant, v. AL JONES, Appellee.

Mr. John W. Mayes, for Appellant.

Mr. V. L. Hash, for Appellee.

McALISTER, C. J.—This is an action by Al Jones against Charles C. Ren, doing business as the Ren-Nash Motor Agency, to recover $945 in damages he alleges he suffered as a result of a sale to him by the latter of a used car as a new one.

The record discloses that on March 7, 1929, plaintiff bought from defendant a Nash special cabriolet coupé, year model 1929, for $1,845.90; that he was allowed thereon $550 for the following items: $450 for his used Star car, and $100 for either reflooring the car purchased for insurance and a salesman's commission or a cash discount, the balance of $1,295 being payable in installments as provided by a conditional sales contract executed by the parties at time of sale.

Plaintiff filed suit on August first thereafter alleging that prior to the sale and execution of the contract and with the intent to deceive and defraud him the defendant represented to him that the automobile was a new one; that this representation was false but defendant believing it to be true and relying thereon paid him the sum of $1,845.90; that the defendant well knew the automobile was then not a new car but a second-hand one and that its value at the time of sale was $500, though plaintiff was without knowledge of these facts; that immediately after the contract was signed by plaintiff defendant assigned his right, title and interest in and to it to the C. I. T. Corporation, San Francisco, for which he received full value; that by reason of these premises the plaintiff was damaged $945.

The defendant answered admitting the sale but denied representing the car as a new one and alleged affirmatively that plaintiff knew for a long time prior to purchasing it that it was a used or second-hand

car. The trial resulted in a verdict for the plaintiff in the sum of $750 and from a judgment rendered thereon the defendant appeals.

The first four assignments attack the sufficiency of the evidence to support the verdict and the judgment. The action is based on fraud and deceit and appellant contends that appellee did not prove the existence of the elements necessary to establish fraud in that it appears from the evidence that he knew that the car was not a new one and that if he suffered any damage at all it was nominal only. The testimony discloses, he contends, that, though appellee did testify that he did not know when he purchased the car it was a used one, he was at the time a salesman for appellant, saw it each day for several days and on several occasions took it out and tried it. And in addition he testified that

"Mr. Ren said he would give me my commission off of the car which was forty-five dollars and he had to re-floor the car for insurance, fire insurance; he had had the car quite awhile; and he would have to re-insure it and he would give me $100.00 off if I would buy the car."

The testimony, however, discloses that the car had been sold twice by appellant and that he did not advise appellee of this fact; that it was described in the conditional sales contract as a new car; that there were attached to the choker a tag, which appellee testified was put on new cars, and a container with the keys in it; that soon after purchasing it he learned that it was not in good shape mechanically and that it was not worth over $500. Appellant, it is true, explained the fact that the car was described in the conditional sales contract as a new one by saying that in following this course the purchaser could make an initial payment of only thirty per cent. of the value whereas forty is required in the sale of used cars.

And in reference to the fact that the car had been sold twice before he stated that the first purchaser kept it only one day and exchanged it for a different model and the second one had it for only about two weeks when he traded it for another car. It is clear that there was a sharp conflict in the testimony as to whether appellee knew the car was a used one when he purchased it and this being true the jury's conclusion thereon is decisive.

And the same is true of the element of damage or injury. Appellant stresses particularly the contention that only nominal damage, if any at all, was shown and bases this claim upon the fact that appellee testified that he spent $300 or $400 in repairs and when pressed for particular items was able to show bills amounting to only $26.16. However, there was testimony that the car did not exceed $500 in value when sold to appellee and this gave the jury a wide latitude in determining the extent of damage.

During the trial appellant requested the court to grant him permission to employ at his expense one or two mechanics to examine the car, which was in the possession of appellee, and allow them to testify as to the present condition and value of it. This request was denied, the court giving this reason for its position: "One ground among several being, it is immaterial what condition the car is in now." This ruling was correct because appellee had been running the car nearly a year at that time and its condition then was immaterial. The important inquiry was its condition at the time of sale, for the measure of damages was the difference between the actual value of the car at that time and its value as represented by appellant. *Curry* v. *Windsor*, 22 Ariz. 108, 194 Pac. 958. In 12 R. C. L. 453, is found this language:

"The measure of damages for fraud in inducing the purchase of property is the difference between the

actual value of the property at the date of the sale and the contract price, with interest thereon, together with such other damages as are immediate consequences of the defendant's wrong.''

Appellant claims that the damages are excessive. He sold the car for $1,845, including the carrying charges which amounted to about $300, and appellee asked for $945 in damages and was given $750. The testimony that the value of the car did not exceed $500 when appellee purchased it would, if true, justify a judgment for more than $750, and since it was wholly within the province of the jury to determine whether this statement was true or not its verdict, which must have been returned upon the theory that it was at least partially so, is not subject to attack upon the ground that it is excessive.

It is further contended that the court erred in denying appellant's motion for a new trial in so far as it was based upon the ground of newly discovered evidence. It appears from the affidavit of one Nicholas De Arcy that on February 28, 1929, appellee went to his home in Ajo, Arizona, in a Nash coupé, the same car he later purchased from appellant, and endeavored to sell it to him, stating that it was a used car and that due to this fact he had been authorized by appellant to sell it at a discount of $100, though it was as good as new; that at appellee's invitation he went for a ride in the car about six miles out and while on the trip appellee said that he had been demonstrating the car and trying to sell it; that about a week later he saw appellee driving the same car about the streets and roads of Ajo; that he first made these facts known on March 1, 1930, when he told C. C. Ren about them.

Appellant takes the position that this is an admission of a party against interest and, hence, constitutes good ground for a new trial. It occurs to us, however, that even though it is such an admission it is

merely impeaching or cumulative testimony, since much of that offered by appellant had for its purpose establishing the fact that appellee knew when he purchased the car it was a used one. It could do nothing more than add to the testimony already in the record on that subject and under the authorities would not justify a new trial. In *Gordon* v. *Brewer*, 21 Ariz. 402, 189 Pac. 243, this language was used:

"The newly discovered evidence upon which a new trial was asked was of an impeaching and contradictory character disclosed after verdict by two persons who testified in the case in behalf of the defendant. It was similar to testimony at the trial, and therefore cumulative. It is not at all probable it would have influenced the verdict, or that upon a retrial it would cause a different result. It is not thought proper or advisable, as a general rule, to grant a new trial on newly discovered evidence that would tend only to contradict or impeach some of the witnesses, or upon evidence that is cumulative in its character. 20 R. C. L. 294, 295, §§ 76 and 77."

The judgment is affirmed.

ROSS and LOCKWOOD, JJ., concur.