[Civil No. 3262.   Filed March 1, 1933.]

[19 Pac. (2d) 332.]

PACKARD PHOENIX MOTOR COMPANY, a Corporation, Appellant, v. DONALD McRUER, Appellee.

Messrs. Akers & De Camp, for Appellant.

Messrs. Marks & Marks, for Appellee.

LOCKWOOD, J. — Packard Phoenix Motor Company, a corporation, hereinafter called plaintiff, brought suit against Donald McRuer, hereinafter called defendant, on a promissory note given by the latter to the former. Defendant answered to the effect that the note was without consideration and then by way of cross-complaint set up that he had purchased from plaintiff a certain Packard roadster for $1,468, and " . . . that to induce defendant to purchase said automobile, plaintiff represented to defendant that said automobile was in first class condition and that it would run perfectly, and plaintiff agreed to give defendant ninety-days' free service on said automobile, being the same service it gave on new automobiles sold by it; that the defendant relied on the representations of plaintiff as to the condition

and performance of said automobile, and being induced thereby purchased said automobile, and as a part of the consideration for the purchase price, defendant executed the note set out in plaintiff's complaint." Defendant further alleged that shortly after the purchase of the car it developed many defects and did not run satisfactorily and that he returned it frequently for adjustment, but that after many attempts to repair it plaintiff finally stated that it was unable to put the car in first-class condition, whereupon defendant spent various sums of money with other automobile mechanics endeavoring to repair the car, and finally was compelled to purchase another engine block, his total expenses in this behalf amounting to $485.03. The cross-complaint also contained the following allegation:

"That because of the misrepresentations of plaintiff as to the condition of said automobile as aforesaid, defendant was deprived of the use of it for days at a time since he purchased the same from plaintiff while it was being repaired, by plaintiff and others, causing defendant further damage in the sum of One Hundred Dollars ($100.00)."

The case went to trial before a jury, and plaintiff proved the execution and delivery of the note and that there was $200 still due thereon and rested, whereupon defendant proceeded on his answer and cross-complaint. After a good deal of evidence had been offered by him, he amended his cross-complaint and the case was finally submitted to the jury. Two verdicts were rendered, the first on plaintiff's complaint, which reads as follows: "We the jury duly empaneled and sworn in the above-entitled action, upon our oaths, do find for the defendant cancellation of the balance of note and interest." And the second on defendant's cross-complaint, which reads as follows: "We.the jury duly empaneled and sworn in the above entitled action, upon our oaths, do find

for the cross-complainant and against the cross-defendant in the sum of·Two Hundred Dollars ($200.00) damages." And judgment was rendered that plaintiff take nothing by its complaint and defendant recover $200 from plaintiff in accordance with the verdict above. After the usual motion for new trial was overruled, this appeal was taken.

There are ten assignments of error which we will consider in accordance with the legal propositions raised thereby. The first is that the court erred in permitting defendant to amend his cross-complaint. It appears from the transcript of evidence that at first both court and counsel were in considerable doubt as to whether the cross-complaint was based upon the violation of a warranty, either express or implied, or whether it was an action for fraudulent misrepresentations, but after a good deal of discussion the court came to the conclusion that it was an action in fraud and allowed the amendment to conform the pleadings to that theory. The amendment changed the last paragraph of the complaint above quoted so that it read as follows: "That because of the misrepresentations of the plaintiff as to the condition of said automobile as aforesaid, the defendant was damaged in the sum of $585.23." This was over the objection of plaintiff, which contended that the trial amendment changed the whole theory of the case and that if that was done the complaint should be made more definite and certain by showing of what the damages consisted. The court held that under the amendment the complaint stated a cause of action in fraud in which the measure of damages would be the difference between the actual value of the car and the price paid for it by defendant and denied plaintiff's motion to make more definite and certain. We think that if the case was one based upon fraud the action of the court was proper, and since the case was tried thereafter by both parties on that theory, there

was no error in allowing the trial amendment or in refusing to require defendant to make more definite and certain the manner in which he was damaged. And this appeal must be determined on the theory on which the case was tried in the lower court. *Tevis et al.* v. *Ryan et al.*, 13 Ariz. 120, 108 Pac. 461, affirmed 233 U. S. 273, 34 Sup. Ct. 481, 58 L. Ed. 957; *Dey* v. *Hill*, 20 Ariz. 466, 181 Pac. 462.

We therefore consider the other assignments of error from the viewpoint that the case was one for fraudulent representations by plaintiff as to the condition of the automobile and not one for breach of warranty. The alleged false representation is that the automobile "was in first class condition and that it would run perfectly." This representation necessarily applies to the condition of the car as it was when it was sold. We have examined the transcript of evidence carefully and are of the opinion that taking it in the strongest light in favor of defendant, as we must under the verdict and judgment, the facts in the case may reasonably be stated as follows: Defendant was the owner of an automobile which he wished to exchange for a Packard car. Plaintiff's salesman told him that it had a Packard roadster which was a used car but in first-class condition and that it would run perfectly, and that plaintiff would give defendant ninety days' free service thereon the same as on new automobiles, together with the usual Packard ninety-day new car guaranty, whereupon the deal was made for the sum of $1,468, defendant turning in his old car, paying some cash, and giving the note sued on for $400. Some few days after the car was delivered, defendant took it back to plaintiff, stating that it had developed a miss in the two front cylinders which caused it to run in a very jerky manner. Plaintiff did some work on the car, and defendant took it out, but returned it again in a few days stating that it was still giving the same trouble.

This happened a dozen times during the ninety days, plaintiff each time working on the car and endeavoring to get it in proper running condition, but failing to remedy the trouble permanently. During this time no charge was made defendant for the repair work. After the ninety days had expired plaintiff told defendant that it was unable to get the car to run in a satisfactory manner, and defendant after a year's time, during which many other mechanics worked on the car and he spent considerable money thereon, finally succeeded in getting it in proper condition. There is evidence in the record from which it could be reasonably inferred that the actual cost of putting the car in the condition in which it was represented to be by plaintiff would have been something in excess of the $400 which in effect the jury allowed defendant through its two verdicts, and that with such expenditure the car would have been worth fully the amount paid for it by defendant and would have satisfied the warranty given.

If the cross-complaint properly states a cause of action for fraudulent misrepresentation, if the evidence sustains the necessary allegations thereof, and if the court correctly instructed the jury on the measure of damages defendant would be entitled to a judgment. On examining the cross-complaint we are of the opinion that many of the essential allegations of an action for fraudulent misrepresentation have been omitted. We have stated these essentials to be as follows: (1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his injury. *Moore v. Meyers,* 31 Ariz. 347, 253 Pac. 626. We find there is no allegation, either directly or impliedly, that the plaintiff had any knowledge or reason to know that

the representations upon which alone this action can be based were false or made recklessly. It further appears that there is nothing in the evidence which would sustain such an allegation had it been made, and the court's instruction on the measure of damages was improper. This instruction was as follows: "The jury is instructed that the measure of damage in this case which is claimed by the cross-complainant by reason of the misrepresentations of the plaintiff, if you believe there was any damage, and you further believe from the preponderance of the evidence that there was any misrepresentation, is the difference between the actual value of the property at the time of the sale, *or within the ninety-day period of the plaintiff's guarantee,* and the contract price, with interest thereon, together with such damages as are the immediate consequences of plaintiff's wrong." (Italics ours.) The ninety-day period of guaranty had nothing whatever to do with the case if it was based on fraudulent misrepresentations. The damages would be the difference between the contract price and the actual value *at the time of the sale* and at no other time. *Ren v. Jones,* 38 Ariz. 476, 1 Pac. (2d) 110. We think the cause of the error in the trial of the case was the confusion in the mind of counsel for defendant, and apparently that of the court, between an action of fraud and an action upon a warranty. Defendant under the facts as developed by the evidence proved, if anything, a breach of warranty and not actionable false representations. But having elected to proceed on the latter theory, he is bound thereby, and the failure to allege or prove any knowledge of plaintiff at the time of the sale that the representations upon which the suit was based were false, and the court's instruction that the jury might consider the actual value of the car at any time within ninety days after the sale, are fatal errors which necessitate the reversal of the case.

The judgment of the superior court of Maricopa county is reversed, with directions to grant a new trial in accordance with the principles stated herein.

ROSS, C. J., and McALISTER, J., concur.