[Civil No. 4031.   Filed February 20, 1939.]

[87 Pac. (2d) 269.]

WALTER C. WILLIAMS, JESSE D. WILLIAMS, CECIL R. WILLIAMS and ALPHA E. RUDD, Appellants, v. GABRIEL KLEMOVITZ, Appellee.

Messrs. Cox & Moore, for Appellants.

Mr. Herman Lewkowitz and Mr. Raymond R. Wein, for Appellee.

LOCKWOOD, J.—Gabriel Klemovitz, hereinafter called plaintiff, brought suit against Walter C. Williams, Jesse D. Williams, Cecil R. Williams and Alpha

E. Rudd, hereinafter called defendants, for damages for the alleged breach of a lease held by plaintiff on certain premises owned by the defendants. The prayer of the complaint was for both compensatory and exemplary damages, the allegations being that the breach of the lease and the acts done in pursuance thereof were wanton and malicious in their nature. The case was tried to a jury which returned a verdict in the sum of fifteen hundred dollars in favor of plaintiff, without indicating how much was for compensatory and how much for exemplary damages, whereupon this appeal was taken.

There are two assignments of error, the first being that the court erred in instructing the jury as follows:

"The Court instructs the jury that if you find from the evidence that the eviction of the plaintiff from the premises in question was wanton and malicious, then the case is one justifying the imposition of what is known in law as exemplary or vindicative damages, in addition to the actual damages of which I have heretofore instructed you. And in arriving at the amount of exemplary damages to be imposed, if any, you should take into consideration all of the facts and circumstances in the case in question, and the position, character and feelings of the plaintiff."

And second, that the court erred in instructing the jury as follows:

"You are instructed that malice is defined by the Code of Arizona as follows: 'Malice and malicious import a wish to vex, annoy or injure another person or an intent to do a wrongful act, established either by proof or presumption of law.' " (Rev. Code 1928, § 4478.)

The actual eviction was made by John H. Williams who was admittedly the agent of defendants, and the questions raised by the appeal are (a) whether exemplary damages are permissible against a principal for the act of his agent where the personal safety and

comfort of the injured party is not entrusted by the principal to his agent, and (b) whether there is any evidence in the case of malice sufficient to support a verdict of exemplary, as well as compensatory, damages.

The question of the extent of the liability in damages of a principal for the act of his agent, where not only compensatory but exemplary damages are prayed for, is an interesting one, and the law on the subject is far from harmonious. We think, however, in the present case we need not determine this question. The record shows that John H. Williams was placed on the stand and cross-examined by the plaintiff. The property involved was identified, and the following conversation occurred between counsel for plaintiff and counsel for defendants:

"Mr. Lewkowitz: Do you admit the defendants own the property and Mr. Williams is the agent?

"Mr. Moore: Yes, and they are responsible for his actions.

"Mr. Lewkowitz: That is all, Mr. Williams."

Thereafter the trial was continued, the only issue in dispute, according to the evidence, being whether or not the defendants had the right to eject plaintiff from the leased premises and the damages suffered by the latter. Nothing was said during the course of the trial as to whether, if the ejection was improper, the defendants would or would not be liable for exemplary damages, and the court instructed the jury at the close of the trial as follows:

"It has been stipulated by counsel for defendants that John H. Williams was at the time alleged in the complaint the agent of and acting for the defendants in this action, and you are therefore instructed that under such stipulation and admission the defendants herein are responsible for any action of the said John H. Williams in the premises."

No objection was made by the defendants to this instruction.

■■ It is a rule in this court that a case must be considered on appeal on the same theory as that upon which it was tried in the lower court. *Tevis* v. *Ryan,* 13 Ariz. 120, 108 Pac. 461; *Packard Phoenix Motor Co.* v. *McRuer,* 41 Ariz. 450, 19 Pac. (2d) 332. And it is obvious that the only issue there was whether or not the ejection was legal or illegal, and the amount of damage, and that the question of the responsibility of the principal for exemplary damages for the acts of his agent was never presented during the course of the trial. We' think under the stipulation above referred to it would be unfair, both to the trial judge and the plaintiff, to permit defendants at this time to inject into the case the issue of the extent of the liability of the defendants. This disposes of the first assignment of error.

■ But, it is contended in the second assignment, there was no evidence whatever justifying the jury in finding malice on the part of John H. Williams, who did the actual ejectment. The testimony on behalf of the plaintiff shows that he rented the premises upon an oral lease for the term of one year, and that after he had occupied them for a few months, and while his rent was not in arrears, defendants' agent came upon the premises and attempted to eject him forcibly, without having up to that time even suggested that the lease should be terminated, and that being unable to make the ejectment at the time, owing to plaintiff's resistence, without a breach of the peace, he waited until after plaintiff had closed his place of business for the night, and then surreptitiously entered and removed, in a reckless and negligent manner from the rented premises all of plaintiff's property, with which he conducted his business. It also appears in the evidence that the reason why he did this was that he had, with-

out the knowledge or consent of plaintiff, secured what to defendants was a more satisfactory tenant for the premises. We think this evidence if believed by the jury, as it must have been, was sufficient to support a conclusion that the breach of the lease was not only illegal but malicious.

Such being the case, the judgment of the trial court is affirmed.

ROSS, C. J., and McALISTER, J., concur.