[Civil No. 4218. Filed September 30, 1940.]

[105 Pac. (2d) 958.]

W. C. WILLIAMS, J. D. WILLIAMS, C. R. WILL-
IAMS, ALPHA E. RUDD and J. H. WILLIAMS,
Appellants, v. OLA E. HAGANS, Appellee.

84

Messrs. Lewkowitz & Wein, for Appellants.

Mr. A. David Latham and Mr. George M. Sterling, for Appellee.

ROSS, C. J.—The plaintiff (appellee) brought this action against the defendants (appellants) for damages to a stock of drugs caused by defective water system or plumbing maintained by the defendants in their building, of which plaintiff was a tenant. She alleges in her complaint that defendants had complete control and supervision of such water system; that at various times prior to January 10, 1939, such water system developed leaks and became in bad repair; that previous thereto she had frequently notified defendants that the plumbing was in bad repair and leaking; that on or about the 10th day of January, 1939, either by failure to repair said water system or in repairing same, defendants negligently and carelessly permitted and allowed foul water to escape from said water system and break through the ceiling in great quantities directly above the drug store of plaintiff, thereby seriously damaging her stock of drugs, patent

medicines, dyes and other merchandise in said store in the sum of $951.04.

Defendants answered by general denial of the allegations of negligence and damages.

The case was tried before a jury and resulted in a verdict in favor of the plaintiff in the sum of $857.54, upon which judgment was duly entered. The defendants made a motion for a new trial, which was overruled, and they have appealed from such order and the judgment.

The first claim is that no liability on their part was established because it was not shown that they were negligent in repairing the plumbing or in permitting water to escape from the water pipes and leak upon plaintiff's stock of drugs, medicines, etc. The evidence is undisputed that defendants undertook to care for and repair the plumbing when out of repair, and it is also undisputed that the plumbing leaked and flooded plaintiff's drugs, medicines, etc. The law seems to be well settled that where a landlord is in control of the plumbing in a building and negligently allows it to get out of repair, or negligently repairs the same, he is liable for any damages sustained by a tenant by escaping water from the fixtures. 16 R. C. L. 1043, sec. 563.

The upper part of the leased premises was used and operated by defendants as a hotel. The leak in the plumbing was in a room over the drug store occupied by a tenant or roomer. While defendants make the contention that the negligence, if any, was that of the roomer and not defendants, the fact is the defendants had complete control and supervision over all of the rooms in the hotel and that after being notified of the leaky condition of the plumbing undertook to repair it. There is no evidence tending to show the roomer was negligent. Under such circumstances, the defendants were under a duty to see

that plaintiff's property was not damaged by water escaping from a known defect in the water system of the building.

■ The defendants contend that plaintiff, by the exercise of proper care, could have minimized her losses. Whether she did exercise such care was submitted to the jury under an instruction and its verdict thereon is final, the evidence being in conflict.

■ The plaintiff's evidence was to the effect that the water that leaked upon the drugs and medicines in the prescription room left sediment or marks on the stoppers and necks of bottles and that packaged goods were soiled or damaged. For the purpose of showing that the contents of such bottles and packages were not usable in prescriptions or otherwise, plaintiff asked certain hypothetical questions of two licensed druggists and the court permitted them to be answered upon an avowal that evidence would be introduced upon which to predicate the questions. The defendants claim that such evidence was not supplied and that it was therefore error to admit the evidence. The plaintiff insists that all the essential elements of such questions were supplied by the evidence. Whether that be true or not, we think defendants should have raised the point at the trial by motion to strike the evidence. This was not done.

The principal ground of complaint by defendants on this appeal is the order overruling their motion for a new trial for newly discovered material evidence which was not known to defendants at or before the trial and could not have been known by the exercise of reasonable diligence. This proposed new evidence, if allowed, would show that the drugs upon which the water leaked were less in quantity than contended and the damages very small. One of the persons by which this was to be proved on a new trial was a witness in the case, one was an occupant of defendants' hotel

and another had formerly clerked in plaintiff's store. Of course it was known and understood by defendants that the question of the extent of plaintiff's damages was an issue and that if the damages claimed were excessive defendant could introduce evidence disproving plaintiff's claim, but it does not appear that defendants at any time questioned these persons as to their knowledge of the damages, or the amount of drugs involved or their value.

██ The court exercised its discretion against the motion and that discretion appearing to be reasonable should stand. *Schuster* v. *Schuster,* 42 Ariz. 190, 23 Pac. (2d) 559. The element of diligence is lacking and, besides, the evidence if admitted would be merely cumulative. *Gordon* v. *Brewer,* 21 Ariz. 402, 189 Pac. 243.

██ Finally, it is contended the verdict was excessive and that there was no evidence to support it. After the jurors had deliberated for a while they returned into court and asked to be informed of the amount of damages plaintiff claimed. The court told the jurors that would not be controlling but that the amount proved would be, that is, the amount testified to by the witnesses. Whereupon counsel for plaintiff stated it could be stipulated ''that the amount of the damage is as shown by the two exhibits'' and would be $707.55 on the drugs and $149.99 for merchandise outside the prescription room. The verdict was for the total of these two sums. Defendants' counsel was present and made no suggestion or objection to what was said or done at this time.

We have carefully considered all of defendants' assignments and do not find any of them well taken.

The judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.