[Civil No. 4176.   Filed January 20, 1941.]

[109 Pac. (2d) 843.]

D. W. WADDELL and ARIZONA CITRUS LAND CO., a Corporation, Appellants, v. ELVIN E. WHITE, Appellee.

(For former opinion, see *ante*, p. 420, 108 Pac. (2d) 565.)

Messrs. Gust, Rosenfeld, Divelbess, Robinette and Coolidge, for Appellants.

Messrs. Woolf & Shute and Mr. W. T. Elsing, for Appellee.

LOCKWOOD, C. J.—Both defendants and plaintiff have filed motions for rehearing in this case. Defendants have asked that we grant a retrial of the whole issue, instead of merely the issue of damages, while

plaintiff insists that the trial court applied the correct rule for the measure of damages, and that the judgment should be affirmed as a whole.

So far as the motion of defendants is concerned, it merely re-argues questions which this court has carefully considered and determined, and we see no reason for changing our opinion already expressed.

Plaintiff bases his request for an affirmance of the entire judgment on the rule of law in regard to the measure of damages adopted by the Restatement of the Law of Torts, section 549, which is that in actions for damages for deceit, the measure of damages is what is commonly known as the "out of pocket" rule, which was applied by the trial court, whereas we held the "benefit of the bargain" rule was the proper one under the circumstances of the case. We have stated more than once that we would follow the principles set forth in the Restatement, but we excepted cases where a different rule had been laid down by the previous decisions of this court. *Smith* v. *Normart,* 51 Ariz. 134, 75 Pac. (2d) 38; *Cole* v. *Arizona Edison Co., Inc.,* 53 Ariz. 141, 86 Pac. (2d) 946. We were committed to the "benefit of the bargain" rule long before the Restatement was made. *Curry* v. *Windsor,* 22 Ariz. 108, 194 Pac. 958. We have followed that rule consistently ever since. *Ren* v. *Jones,* 38 Ariz. 476, 1 Pac. (2d) 110; *Packard Phoenix Motor Co.* v. *McRuer,* 41 Ariz. 450, 19 Pac. (2d) 332. This rule was also approved by the great weight of authorities in this country before the adoption of the Restatement. We think, therefore, that there is no reason for changing our opinion on this point as to the correct measure of damages.

It is evident, however, from the motions for rehearing that both parties are in doubt as to the nature of evidence which will be admissible upon the issue of

damages at a new trial. In view of this and the consequent danger that there might be a new appeal by reason thereof, we have concluded to clarify our opinion on this point.

 It must be remembered that the vital facts of this case, which justified the jury in returning its general verdict in favor of plaintiff, are quite unusual and present a situation not generally found in cases of this nature. These facts are (a) the principal representations which induced plaintiff to exchange his property for the stock of the development company were promises of future conduct which would sustain an action for deceit only because it appeared that at the time the promises were made, defendants had no intention of performing them; and (b) the fiduciary relations between defendant Waddell and plaintiff as joint adventurers were such that it was incumbent upon Waddell to exercise the greatest good faith in the handling of the affairs of the development company. Ordinarily in an action for deceit the various statements which justify the action are representations of existing facts and untrue at the time they are made. In such case the value of the bargain, and consequently the damage to plaintiff, can be definitely determined *as of that time.* But when the promises of defendant are not to be performed until some time after the bargain is made, it is impossible to know how much plaintiff was damaged by such failure until the time comes for the promises to be performed. Plaintiff well understood at the time he exchanged his property for the stock that its value would be speculative and dependent entirely upon the effect of acts to be performed in the future. The value of the bargain, then, necessarily could not be determined until the time when these acts were to be performed and if, during the intervening period, general conditions and not the failure to perform the acts agreed upon were

the cause of a change in the value of the stock, defendants would not be responsible for the effect of such conditions. The evidence, therefore, should be confined, generally speaking, to the effect upon the value of the stock of the failure to perform the false promises at the time they were to have been performed and any intentional mismanagement of the development company by defendant Waddell, combined with the effect of general conditions not dependent upon the actions of plaintiff and defendants, and the difference between the actual value which it had at the time plaintiff disposed of it and what it would have had if defendant Waddell had performed in good faith, is the proper measure of damages.

It may be contended that under this rule it will be difficult to establish with any certainty what, if anything, the value of plaintiff's bargain was. This is true, but if one makes a bargain whose value he must know to be highly speculative and dependent on many future conditions, when he is given a choice between disaffirming the bargain and recovering what he paid, and affirming it and recovering the value of the bargain, and chooses the latter course, he cannot complain because it may be difficult to prove such value.

Motion for rehearing denied.

McALISTER and ROSS, JJ., concur.