198 P.2d 131

**FILER v. MARICOPA COUNTY et al.**

No. 5025.

Supreme Court of Arizona.

Oct. 4, 1948.

E. S. Clark, of Phœnix, for appellant.

Darrell R. Parker, of Phœnix, for appellees.

UDALL, Justice.

R. D. Filer, appellant (plaintiff), brought an action against the County of Maricopa, the County Treasurer, and one William P. Lutfy, appellees (defendants), seeking to quiet his title to:

Lots Five (5) and Six (6), in Block One (1), of South Capitol Addition to the City of Phœnix, Maricopa County, Arizona.

By their answer the county and its treasurer disclaimed any interest in or to said property. Appellee Lutfy, however, in addition to a motion to dismiss (which was denied) filed an answer alleging that by virtue of two tax deeds he was the owner in fee simple of said property and by cross-complaint asked that his title be quieted thereto. After a trial to the court, sitting without a jury, judgment was entered quieting appellee Lutfy's title on his cross-complaint, and denying appellant any relief whatsoever on his complaint. A motion for new trial was denied, and the matter comes now before us for review on appeal from the judgment and the order denying appellant's motion for new trial and refusing to permit the filing of an amended answer to the appellee's cross-complaint.

A tax certificate covering the lots in question was sold to the state of Arizona under a tax sale for the amount of $6.58 which included penalty, interest and fees, the sale resulting from the failure of appellant to pay the real property taxes on the lots for the year 1935. And it is through

this sale, the subsequent assignment to him of the certificate of purchase by the state of Arizona and the tax deeds subsequently issued by the county treasurer, that appellee Lutfy deraigns his title.

There is no evidence in the record, by tax receipt or otherwise, that the taxes for the year 1935 were actually paid to the treasurer. It is appellant's novel contention that as the treasurer had erroneously collected from him for each of the years 1930 and 1932 a $2.50 school tax under the provisions of Sec. 3185, R.C.A.1928, subsequently repealed by Ch. 100, Laws of 1935 (he being a non-resident of the state during those years and thus exempt from the payment of this poll tax), there then existed a sufficient credit in his favor with the county from which the 1935 taxes on the realty should have been paid. (The exact tax for the year 1935 is not shown, but the tax receipts in evidence do show that for the years 1926 to 1945 inclusive, the realty tax on these two unimproved lots ranged from $1.42 to $3.36 per year.)

We know of no authority or statutory rule, and none has been cited to us, by the provisions of which an overpayment of taxes in one year shall constitute a credit upon any taxes which may accrue in some future year, nor is there any duty imposed upon the treasurer to retain such an overpayment in a suspense account and apply the amount thereof to future taxes. Taxes are collected upon an annual basis, and for the moneys thus collected receipts are issued and a monthly accounting made to the Board of Supervisors. These funds are thereafter periodically apportioned. The county treasurer has no authority to refund taxes once he has issued receipts for the same except under lawful order of the proper authority. It is readily apparent, then, that as the 1935 taxes on appellant's realty were not paid, either directly or indirectly by virtue of prior alleged illegal exactions, appellant is not in a position to invoke the proposition of law upon which he relies, to wit: "when taxes have in fact been paid prior to a tax sale, the tax proceedings are null and a deed issued thereunder is void and confers no title".

. The other two assignments of error have to do with the court's refusal to allow appellant to file a verified amended answer to the appellee's cross-complaint, and its denial of his amended motion for a new trial. The precise contention as to the first mentioned ruling is that not only was this refusal contrary to a practice of many years standing, but that such ruling violated certain court rules and thereby deprived the appellant of the right to prove material facts.

The trial in this cause was had on January 15, 1947. No findings of fact were incorporated in the judgment, which was entered on February 21, 1947, doubtless for the reason that none were requested. Sec. 21-1027, A.C.A.1939. The motion for new trial was not denied until

March 31, 1947, and at the same time the court also entered the order refusing permission to file the tendered amended answer. Unless the trial court was of the opinion that a new trial should be granted, there was no point in permitting the filing of this proposed amended answer to the appellee's cross-complaint, for it is evident that the pleading was not being offered to conform to the proof adduced at the trial nor was it based upon any newly discovered evidence. In reality the tendered pleading was in some respects a reiteration of the original answer, plus the injection of some entirely new issues upon which no evidence had been offered, as for example the insufficiency of the description of the lots involved in the tax sale proceedings. Lacking such evidentiary support, these new matters cannot be accepted as established facts in determining this appeal. Under this state of the record we are unable to perceive in what way the court's refusal to permit the filing of appellant's amended pleading violated the rules of court relied upon, which, in so far as material, read:

"Findings by the court—Amendment.— Upon motion of a party made not later than ten (10) days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59 * * * .(Rules Civ.Proc., Rule 52(b).)" Sec. 21-1029, A.C.A.1939.

"Grounds.—* * * On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment. (Rules Civ.Proc., Rule 59(a).)" Sec. 21-1304, A.C.A.1939.

██ Where as here no findings of fact were made, under Rule 52 there could be no amendment thereof and appellant's request for findings of fact made after judgment was rendered, comes entirely too late, Deatsch v. Fairfield, 27 Ariz. 387, 233 P. 887, 38 A.L.R. 651, hence these rules have, in this respect, no application.

██ Finally we consider the denial of appellant's motion for a new trial. The assignment of error raises but two points, the first of which is that there was a partial failure of consideration that nullified the tax deed in that appellee Lutfy in purchasing the tax certificate from the state only paid to the county treasurer "the whole amount then due under such certificate, including interest, penalties and charges" (Sec. 73-817, A.C.A.1939), but did not "in addition pay the whole amount of any subsequent taxes assessed on the real property described therein", also required by the same code section. The case of Hill v. County of Gila, 56 Ariz. 317, 107 P.2d 377, makes it clear, we think, that the "subsequent taxes" referred to in this section are delinquent taxes. It is noteworthy

that this section is found under Art. 8, Chap. 73, entitled "Collection Of Delinquent Taxes". The purpose of the legislature evidently was to insure that all delinquent taxes (and probably including current taxes then due but not yet delinquent) owing to the state were paid before any tax certificate held in its name was assigned to a purchaser. The proof in the record before us shows that the appellant paid all taxes from the date of sale to the state in 1940 to and including those assessed for the year 1945. It follows, then, that there were no accrued delinquent taxes for Lutfy to pay, and therefore that there was no failure of consideration for the deeds in question.

The second point presented by the assignment is that the judgment was contrary to law and equity and not justified by the evidence. As to this contention of the appellant, we have carefully examined the entire record and have reached the conclusion that the evidence fully sustains the judgment.

"It is of course the law that the granting of a new trial is largely in the discretion of the trial court, and that the reviewing court will not disturb the ruling except for an abuse of that discretion. * * *" Sharpensteen v. Sanguinetti, 33 Ariz. 110, 262 P. 609, 611. See also Southern Arizona Freight Lines v. Jackson, 48 Ariz. 509, 63 P.2d 193; Rothman v. Rumbeck, 54 Ariz. 443, 96 P.2d 755.

We hold that the learned trial court did not err in the exercise of its discretion by denying the appellant's motion for a new trial.

We cannot but sympathize with the appellant and the plight in which he finds himself; for after faithfully paying the taxes on these lots from the year 1926 through the year of 1945 (save and except for the year 1935), according to his testimony he belatedly discovered in March of 1946 that his property had been sold for his failure to pay the taxes for 1935. To make things even worse, the appellee, Lutfy, having acquired the premises for the paltry sum of $6.58, has not even reimbursed the appellant for the taxes which the latter continued to pay for a period of some five years after the tax sale to the state. But this court must in cases such as these, as in all others, apply the law as it stands, and must thrust aside any and all appeals to sympathy. The right of appellant to recover taxes paid subsequent to the tax sale to the state was not made an issue in the lower court and hence is not before us on this appeal. The inescapable fact remains that the taxes for the year 1935 were not paid, nor was any attempt made to redeem the property within the statutory period. Sec. 73-823, A.C.A.1939. We are unable to find in the record any dereliction of duty on the part of the taxing officials in connection with the proceedings through which appellant's property was sold which

could give legal grounds for invalidating the sale.

The case chiefly relied upon by appellant, Evans v. Hallas, 64 Ariz. 142, 167 P.2d 94, involved a different factual situation, and is certainly not in point here for the reason that in that case the taxpayer did all the statute required in making claim for exemption, the entire fault lying in the failure of the taxing official to do his duty.

Judgment affirmed.

LaPRADE, J., concurs.

STANFORD (specially concurring).

I reluctantly join in this opinion. The law of our state should be that when there are back taxes due, the tax collector should give notice to the owner when current tax statements are sent him.