**219 P.2d 334**

## MURPHY et ux. v. THOMPSON.

### No. 5142.

Supreme Court of Arizona.

June 12, 1950.

Lewkowitz & Wein, of Phoenix, for appellants.

Kramer, Morrison, Roche & Perry, of Phoenix, for appellee.

## DE CONCINI, Justice.

Plaintiff and wife Francis M. Murphy and Carrie A. Murphy, respectively, brought separate actions against James A. Thompson, defendant, which actions were consolidated for trial. The actions were for physical and property damages sustained as a result of an automobile accident on May 9, 1948 at 8 p. m. on South Central Avenue, Phoenix, Arizona. From a judgment in favor of defendant plaintiffs appeal

The accident occurred in this manner. Defendant was driving southerly on Central Avenue in his 1942 Ford truck with a 25 foot semi-trailer attached. He passed a car on the left going in the same direction and in doing so crossed the white center line. At the time he passed that car he could see plaintiffs' car, a 1936 Pontiac, coming in the opposite direction about 300 yards ahead. Both parties had their lights on. Defendant's lights were on low beam, known a "dimmers". Defendant's truck and trailer also had clearance lights on both sides. After defendant passed the car going in his direction he endeavored to get his car and trailer on his own side of the white center line and did so with the exception of the left rear wheels of the trailer, which extended over approximately 18 inches. The plaintiff going north in the opposite direction saw the defendant coming but did not turn away from the center line which he could have easily done because there was no other traffic in his way. The pavement in that area was 34 feet wide. The collision occurred by plaintiff striking the rear left wheels of the trailer with the front of his car. Plaintiffs' car careened over to the west line of the road where it came to rest. Defendant's truck stopped on the west side of the road about 150 feet from the point of impact. Plaintiffs' car was wrecked and both plaintiffs injured, Mrs. Murphy seriously so.

Counsel for both sides agreed on the instructions to the jury which included instructions on proximate cause and contributory negligence. When both sides had rested, the judge gave his usual and the theretofore agreed upon instructions and also the following additional instruction: "You are instructed that any person under the influence of intoxicating liquor who shall drive any vehicle upon any highway within this state commits a violation of law. It is a question for the jury to determine whether a driver of an automobile was under the influence of intoxicating liquor

to the extent that he did not have the clearness of intellect or control of himself that he otherwise would have had. If you find by the preponderance of the evidence that the plaintiff Francis M. Murphy violated this law and that such violation was the proximate cause of the accident complained of herein or contributed thereto, you will find for the defendant."

Plaintiffs appeal on nine assignments of error directed against that instruction and the lower court's refusal to grant a new trial. The assignments of error and the propositions of law may be reduced to the following: (a) the alleged contributory negligence did not include the driving of the car while under the influence of intoxicating beverages; (b) the evidence does not support the instruction; (c) the plaintiff was taken by surprise; (d) the court erred by not granting plaintiffs' motion for a new trial which was supported by affidavits of newly discovered evidence.

We will endeavor to answer the above four complaints in the order listed.

■ First, it is a well-established rule in this jurisdiction that a party declaring on general negligence (in this case defendant alleged contributory negligence) is not limited to specific acts of negligence. City of Phoenix v. Green, 49 Ariz. 376, 66 P.2d 1041.

■ Second, we hold the evidence justifies the instruction. There was evidence that plaintiff, Mr. Murphy, had a bottle of beer at lunch, another one at a tavern on his way home about 4 p. m., one or two bottles at home about 6 p. m., and two bottles at a tavern after leaving home between 6:30 and 7 p. m. to go up town to dinner. The accident occurred at 8 p. m. six or seven miles from plaintiffs' home. The tavern was between plaintiffs' home and the scene of the accident. It is true that plaintiff Murphy and his wife did not admit drinking that many beers, but stated that while in the tavern they drank "cokes", a soft drink. Mrs. Murphy and their guest, witness Tom Edson, were singing after they left the last tavern. Mrs. Murphy testified that immediately before the accident she said to her husband, "Honey, you are on the gravel," and he answered, "I know it." Mr. Murphy testified " * * * and my outside right wheels front and rear were on the gravel, as I said." It is to be remembered that the paving was 34 feet in width, that the accident occurred at the center line and that both Mr. Murphy and Mr. Thompson, the defendant, testified that Mr. Murphy "held 'er straight" until the impact occurred. A number of witnesses testified that after the accident Mr. Murphy's breath smelled strongly of alcoholic beverages. From the foregoing evidence it is clear that plaintiff had been drinking, that from his actions it could be inferred, and perhaps the jury so inferred, he was under the influence of alcohol.

Plaintiffs rely on Butane Corporation, et al. v. Kirby, 66 Ariz. 272, 187 P.2d 325, and

Linde v. Emmick, 16 Cal.App.2d 676, 61 P. 2d 338, to support their contention. In the Butane case this court said [66 Ariz. 272, 187 P.2d 335]: "* * * Slight and inconclusive evidence borders on the realm of conjecture. A defendant should not be held guilty of reckless misconduct unless there is evidence or *justifiable inferences therefrom*, reasonably tending to establish such * * * misconduct. * * *" (Emphasis supplied.) Therefore it would be reasonable for the jury to justify an inference of intoxication from the evidence in this case.

This court agrees with the Linde v. Emmick case, supra, that evidence of drinking beer, and the smelling of it on one's breath alone, is not conclusive that the imbiber was drunk, but taking those things into consideration in the instant case, with the other actions of Mr. Murphy in driving his car, and his statements both before and after the accident it was reasonable to infer that he was under the influence of alcohol and therefore the jury had a right to consider it. It is obvious then it was not error to instruct on it. See Weston v. State, 49 Ariz. 183, 65 P.2d 652; Hasten v. State, 35 Ariz. 427, 280 P. 670, for well-reasoned definitions of the term "under the influence of intoxicating liquor."

▮ Third, plaintiff claims surprise. It is inconceivable that plaintiffs' counsel were surprised after hearing their own witnesses under cross examination. Furthermore they failed to offer any rebuttal evidence after close of the defendant's case.

▮▮ The fourth deals with the denial of plaintiffs' motion for a new trial. Plaintiffs' motion is supported by two affidavits, one by a student nurse at the hospital where Mr. Murphy was taken, to the effect that she did not mark on the chart that he was under the influence of intoxicating liquor, therefore it is her opinion he was not; and one by the doctor that attended Mrs. Murphy, to the effect that Mr. Murphy was not under the influence of intoxicating liquor. The nurse's affidavit is a type of evidence that would be merely negative testimony, and the doctor's, contradictory to the defendant's evidence on this point and does not reach the dignity of newly discovered evidence for the purpose of granting a new trial. In Ren v. Jones, 38 Ariz. 476, 1 P.2d 110, 112, this court quoted from the case of Gordon v. Brewer, 21 Ariz. 402, 189 P. 243, as follows: "'* * * It is not thought proper or advisable, as a general rule, to grant a new trial on newly discovered evidence that would tend only to *contradict* or impeach some of the witnesses, or upon evidence that is cumulative in its character. 20 R.C.L. 294, 295, §§ 76 and 77.'" (Emphasis supplied.)

▮ Granting of a new trial is largely discretionary with the trial court and the reviewing court will not disturb that ruling except for an abuse of that discretion. Sharpensteen v. Sanguinetti, 33 Ariz. 110,

262 P. 609; Filer v. Maricopa County et al., 68 Ariz. 11, 198 P.2d 131.

Judgment affirmed.

LA PRADE, C. J., and UDALL, STANFORD and PHELPS, JJ., concur.