[Civil No. 3785.   Filed April 19, 1937.]

[66 Pac. (2d) 1041.]

CITY OF PHOENIX, a Municipal Corporation, Appellant, v. WILLIAM P. GREEN, by His Guardian Ad Litem, PERRY C. GREEN, Appellee.

Mr. I. A. Jennings, City Attorney, Mr. Hess Seaman, his Assistant, and Mr. Frank H. Swenson, of Counsel, for Appellant.

Mr. L. C. McNabb, Mr. Frank W. Hotchkiss and Messrs. Phillips, Holzworth & Phillips, for Appellee.

LOCKWOOD, J.—This is an appeal by the City of Phoenix, a municipal corporation, hereinafter called defendant, from a judgment for damages in favor of William P. Green, hereinafter called plaintiff; the cause of action arising from the alleged negligent operation of a street car owned by defendant. The amended complaint, upon which the case was tried, sets up the theory of plaintiff's action as follows:

Defendant is a municipal corporation which owns and operates an electric street railway in the City of Phoenix. Among the streets on which the railway operates is Second Avenue, between Washington Street on the south and Fillmore Street on the north. This avenue crosses Van Buren Street at a point where the latter is by ordinance declared to be a "through street." All vehicles, including street cars, are by the ordinance required to come to a full stop before entering Van Buren Street at this point from the north or the south. On the 31st day of March, 1934, while plaintiff (then about the age of nineteen years) was driving an automobile along Van Buren Street in an easterly direction, one of defendant's cars, which had entered Van Buren Street from the north on Second Avenue, collided with such automobile and seriously injured him. It was alleged that the collision was caused by the negligent operation of the street car, and this negligence is set up by the complaint as consisting of the following things:

"That the said William P. Green, while in the exercise of due care, and by reason of said negligence on

the part of defendant, and its agent or servants in running the said traction car at a negligently rapid rate of speed, and without stopping it at said street crossing, and disregarding the stop sign at said Van Buren and Second Avenue in the City of Phoenix, and omitting to give any warning of the approach of said car, and failing to give the plaintiff the right of way, the said car ran with great force into the automobile driven by plaintiff, . . . with such violence as to inflict severe personal and bodily injuries to the plaintiff. . . . ''

It will be seen upon an examination of the portion of the complaint above quoted that there were four specific acts of negligence charged thereby, which may be classified separately as follows: (a) Running the traction car at a negligently rapid rate of speed, (b) without stopping it at said street crossing, (c) omitting to give any warning of the approach of the car, and (d) failing to give the plaintiff the right of way.

There are twelve assignments of error, which we consider in the manner which seems most advisable under the circumstances of the case. The first is that the verdict and judgment are not supported by the evidence. Defendant, in its brief, goes quite elaborately into an analysis of the evidence, and contends that it is not sufficient to justify the jury in finding that any one of the four alleged acts of negligence was omitted by its servant. It is the rule of this court, never departed from since it was first enunciated, that when there is a conflict in the evidence from which reasonable men might draw different conclusions as to the ultimate facts, we will not disturb the conclusion reached by the triers of fact. The rule is so invariable and of such long standing that no citations are necessary to sustain it.

We have examined and analyzed the evidence presented by plaintiff and defendant, and find that as usual in cases of this nature it is in sharp conflict. It would be of no benefit for us to enter into an elaborate

analysis of the evidence as it would not serve as a useful precedent in any other case. It is sufficient to say that the testimony of defendant's witnesses would sustain a conclusion by the jury as reasonable men that the street car was being driven at a very prudent rate of speed; that it came to a full stop at the crossing of Second Avenue and Van Buren Street; that its bell was rung freely to give warning of its approach; and that it had the right of way over Van Buren Street at the time of the collision. On the other hand, if plaintiff's witnesses are to be believed, we cannot say as a matter of law that the jury could not reasonably find that the street car crossed Van Buren Street at a reckless rate of speed; that it did not stop at all when it came to the intersection of Second Avenue and Van Buren Street; that no warning signal whatever was given of its approach; and that plaintiff himself had the right of way in crossing the intersection. Under such circumstances, we, sitting as an appellate court, certainly cannot say that the jury could not, as a matter of law, conclude that the motorman was negligent in his operation of the street car, and that one at least of these negligent acts was the proximate cause of the accident.

We consider next the ninth assignment of error, which is that the court erred in giving the jury the following instruction:

"It was the duty of the motorman in charge of the south bound car in the testimony referred to, to operate said car at a reasonable rate of speed, *to keep a reasonable careful lookout for persons upon the track in front of him or so near the track as to be in danger of being struck by the said street car* and to have his car under reasonable control and as he approached the intersection, to bring the street car to a full stop and to exercise ordinary care as he approached and crossed over the intersection, and to so operate his street car as to avoid colliding with persons lawfully using or vehicles lawfully upon the highway or within the in-

tersection involved herein. If, therefore, you find from the evidence that the motorman in charge of the street car here in question failed *either* to operate his car at a reasonable rate of speed in crossing the intersection *or to keep a reasonably careful lookout* or to have his car under reasonable control or to stop the street car, or give timely warning of the approach of same into the intersection, then he was guilty of negligence; and if such negligence, if any, upon the part of said motorman was the sole proximate cause of the accident and resulting injury to the plaintiff, if any, then your verdict must be for the plaintiff and against the defendant.'' (Italics ours.)

It will be observed that this instruction is to the effect that in case any one of certain things occurred and it was a proximate cause of the collision, the verdict of the jury "must," not "might," be for the plaintiff. These things are that the motorman failed (a) to operate his car at a reasonable speed in crossing the intersection, (b) to keep a reasonably careful lookout, (c) to have his car under reasonable control, (d) to stop the street car before entering the intersection, and (e) to give timely warning of its approach into the intersection.

In an action for recovery of damages sustained as a result of the alleged negligence of the defendant, the plaintiff may sometimes declare on general negligence, and sometimes on specific negligence. If, however, he determines to follow the latter course, he is limited to the specific acts of negligence pleaded, and may not recover by proof of other acts of negligence not set up in his complaint. *Santa Fe, P. & P. R. Co.* v. *Hurley,* 4 Ariz. 258, 36 Pac. 216; *Southwest Cotton Co.* v. *Pope,* 25 Ariz. 364, 218 Pac. 152; *White* v. *Arizona Eastern R. Co.,* 30 Ariz. 151, 245 Pac. 270; *Pickwick Stages Corp.* v. *Messinger,* 44 Ariz. 174, 36 Pac. (2d) 168.

In this case, plaintiff chose to rely on four specific acts of negligence as being proximate causes

of the collision. He could not, therefore, recover upon the proof of some other act of negligence not included in the four which he pleaded. He did not plead that the motorman failed to keep a reasonably careful lookout or to keep his car under reasonable control. Notwithstanding this fact, the court specifically instructed the jury,

"If, therefore, you find from the evidence that the motorman in charge of the street car here in question failed either . . . to keep a reasonably careful lookout or to have his car under reasonable control . . . and if such negligence, if any, upon the part of the motorman was the sole proximate cause of the accident and resulting injury to the plaintiff, if any, then your verdict must be for the plaintiff."

This was a positive instruction that if a failure on the part of the motorman to keep a reasonably careful lookout was the proximate cause of the accident, the verdict must be in favor of plaintiff. The instruction was not only unwarranted by the pleadings but was necessarily prejudicial, for the jury might have reached the conclusion from the evidence on behalf of defendant's witnesses that the motorman was not guilty of any of the specific acts of negligence set up in plaintiff's complaint, but have inferred from other evidence in the case that he failed to keep a proper lookout, or to keep his car under reasonable control. The case must, therefore, be reversed and remanded for a new trial.

In view of what we have just said, it is unnecessary that we consider any of the other assignments of error, as even if other errors were committed, the trial court will doubtless see that at a new trial they will be corrected.

The judgment of the superior court is reversed and the case remanded with instructions to grant a new trial.

McALISTER, C. J., and ROSS, J., concur.