289 P.2d 689

Conrad MARCIONE, Appellant,

v.

Ben H. MARCIONE, Appellee.

No. 6037.

Supreme Court of Arizona.

Nov. 15, 1955.

Rehearing Denied Nov. 29, 1955.

McCarty & Chandler, Tucson, for appellant.

W. Shelley Richey, Douglas, for appellee.

PHELPS, Justice.

This is an appeal from an order granting plaintiff's motion for a new trial.

The facts are that plaintiff-appellee, Ben H. Marcione, brought an action against his brother, Conrad Marcione, defendant-appellant herein, for the recovery of damages for injuries alleged to have been sustained as the proximate result of driving his automobile while plaintiff-appellee was a passenger therein "in such a careless and negligent manner as to cause the same to overturn thereby inflicting severe and painful injuries upon the person of plaintiff." The accident is alleged to have occurred on the Tucson-Nogales highway on November 1, 1953. The parties hereto will be hereinafter designated as plaintiff and defendant.

The answer admits that plaintiff was a passenger in defendant's automobile driven by him at the time and place alleged in the complaint; that an accident occurred; that plaintiff was injured to some extent and denies generally the remaining allegations of the complaint. This, of course, in-

cluded a denial of the allegation of negligence set forth in the complaint.

The cause went to trial on these issues and at the close of plaintiff's case the court granted defendant's motion for an instructed verdict and thereupon, on motion of counsel for defendant, entered judgment in his favor.

The plaintiff in due course filed his motion for a new trial and the court granted said motion and ordered a new trial upon the ground that the court believed the allegations of negligence in the complaint were sufficient to cover the specific act or acts of negligence proved or attempted to be proved and that there was sufficient evidence at the close of plaintiff's case to take the case to the jury under the allegations of the complaint.

From this order defendant appeals and presents three assignments of error for our consideration as follows:

1. The trial court erred in granting plaintiff's motion for a new trial for the reason that all the evidence construed most strongly in favor of plaintiff failed to prove facts that would justify a finding by the jury that defendant was guilty of negligence in operating a motor vehicle known to be in a dangerous condition.

2. The trial court erred in granting plaintiff's motion for a new trial for the reason that all of the evidence construed most strongly in favor of plaintiff failed to establish facts from which the jury would be justified in inferring that plaintiff's (he means defendant's) alleged negligence was the proximate cause of plaintiff's injury.

3. The trial court erred in granting plaintiff's motion for a new trial for the reason that the allegation in plaintiff's complaint that "defendant drove said automobile in such a negligent and careless manner as to cause the same to overturn, * * *" is insufficient to permit the submission to a jury of the question of defendant's negligence in permitting the plaintiff to ride in a mechanically defective vehicle without warning plaintiff of the defect.

We will consider assignment No. 3 first because we believe the disposition of the question therein raised will effectually dispose of the other assignments of error.

It will be observed that the complaint sets forth that at the time and place alleged in the complaint "the defendant *drove* said automobile in such a careless and negligent manner as to cause the same to overturn thereby inflicting severe and painful injuries upon the person of plaintiff." (Emphasis supplied.)

The question presented is: What character of evidence is admissible under this allegation? This is a question of first

impression in this court and there is apparently a dearth of authority on the subject, hence we feel free to adopt that rule which appears to us to best conform to reason and to more nearly approximate justice in such cases.

Plaintiff contended and was permitted to introduce, over the objections of defendant, evidence of a mechanical defect in the steering apparatus by showing that soon after defendant purchased the automobile (a 1948 Chrysler Town & Country tu-door convertible) around July 1st of that year, that he had some difficulty with the steering mechanism of the front wheels, in that the car would wander on the highway, i. e., it would travel from one side of the road and you would have to "put a little pressure to the opposite end to bring it back to the center of the road". This testimony was elicited from defendant on cross-examination. Later defendant described the movement of the car as "wobbling". He testified that he took the car back to the secondhand car dealer and that the mechanic "corrected most of it". He then had the front wheels balanced because it shimmied a little bit. He stated that the day the accident occurred the wheels were a little bit loose but to his knowledge they were all right. He said he had been in mechanical work (not automobiles) off and on most of his life.

The lower court, in granting defendant's motion for an instructed verdict, based its ruling upon the ground that the allegation was a specific allegation of negligence. In granting the motion for a new trial, it would seem that he considered the allegation of negligence to be a general allegation.

We are of the view that while the allegation of negligence as it appears in the complaint is sufficiently general to admit allegation of proof of a number of different acts of negligence relating to the manner of actual control of the car such as driving at an excessive and dangerous rate of speed, considering the width of the highway and the amount of traffic thereon, etc.; whether he was keeping a proper lookout for obstacles in the highway or for persons or other vehicles; whether he was on the right or left of the center of the highway, and perhaps a number of other acts of negligence where the rights of others upon the highway are involved. To that extent it may be considered as a general allegation of negligence, but it is specifically confined to the *manner* in which the car was being controlled at the time, that is, whether the acts of defendant, either of commission or omission, in the actual control of the car amounted to a careless and negligent manner of driving and controlling it upon a public highway. It cannot be extended to admit testimony concerning a defective condition in the mechanism of the car.

None of the cases cited aid us in any degree. We examined many of the cases cited in 23 A.L.R.2d 541 and in each case

where the negligence was based upon defective steering gear it expressly alleged such defect. In Collins v. Anderson, 37 Wyo. 275, 260 P. 1089, the complaint specifically alleged a defective steering gear and plaintiff's knowledge thereof and also that the car was being driven over rough, sandy roads at a high and dangerous rate of speed. Kauffroath v. Wilbur, 66 Ariz. 152, 185 P.2d 522 is to the effect that a general allegation of negligence stated a cause of action under our rules of pleading and if defendant wanted any further information he could have asked for a bill of particulars setting up the negligent acts relied upon. It does not reach the point here involved. The case of City of Phoenix v. Green, 49 Ariz. 376, 66 P.2d 1041, cited by plaintiff holds that if you plead specific acts of negligence you are limited in your proof to the specific acts pleaded.

In the one case the negligence consists in exercising control over the movement of the car carelessly and negligently so as to cause it to overturn. In the other case the negligence consists in driving the car knowing that it had a mechanical defect which may cause it to go out of control and overturn at any time while being driven in the most careful and prudent manner.

In the one case the driving or controlling the movement of the car in a careless and negligent manner is the proximate cause of the accident and injury. In the other case it is the known mechanical difficulty plus its use on the highway without advising plaintiff of such defect, if it was defective, that constitutes the negligence which is the proximate cause of the accident and injury. This may occur, as above stated, even though the car is driven in the most careful manner.

We therefore hold that the allegation of the complaint is a specific allegation of the negligence complained of by limiting it to the control of an automobile upon a public highway in a careless and reckless manner as distinguished from the driving or operation of a car upon a public highway with knowledge of mechanical defects, without warning plaintiff, which may probably cause the car to go out of control at any time endangering the lives and property of others then in the lawful use of such highway. If plaintiff had intended to rely upon a mechanical defect in defendant's car it would have been a very simple matter to state it in the complaint. We deem it unnecessary to discuss the different rules in states that have enacted guest statutes and those which have not done so.

██ We conclude it was error on the part of the court to admit evidence under the allegations of the complaint concerning any defect in the mechanism of the automobile as a basis of defendant's liability and it was error therefore to grant a motion for a new trial upon that ground.

The order granting a new trial is set aside with directions to reinstate the judgment entered on directed verdict.

UDALL and WINDES, JJ., concur.

STRUCKMEYER, Justice (dissenting).

Chief Justice LA PRADE and I agree that the order of the court below granting a new trial should be affirmed. Driving a motor vehicle in an unsafe mechanical condition is negligence per se[1]. Doubtless plaintiff could have pleaded the violation of the statute as a specific act of negligence, but this plaintiff did not elect to do. Instead he relied on common-law negligence. Pratt v. Daly, 55 Ariz. 535, 104 P.2d 147, 130 A.L.R. 341, which essentially is the failure to use ordinary care. In determining whether ordinary care has been used in any given situation, it is necessary to examine all of the relevant circumstances surrounding the accident. The condition of the steering mechanism of defendant's vehicle is one of the relevant circumstances to be weighed by the jury in determining whether the defendant drove his automobile "in such a careless and negligent manner as to cause the same to overturn".

We are unable to agree with the majority view that there is a distinction between the mechanical condition of the vehicle and other physical conditions then and there existing at the time of the accident because all the physical conditions must necessarily govern the manner in which the defendant drove his automobile and the duty to use due care to prevent injury to one in plaintiff's position. We believe that it is possible for reasonable men to conclude that if the defendant had been driving at a slower rate of speed he would have been able to control the automobile so that it would not have "wandered" off the highway and the accident and resulting injuries would not have occurred. Therefore the trial court was correct in deciding that this case should have been submitted to the jury for a determination of the question of negligence.

LA PRADE, C. J., concurs.

1. Section 66–183, A.C.A.1939, as amended A.C.A.Supp.1952, provides that "No person shall drive or move on any highway any motor vehicle, * * * unless * * * said vehicle is in such safe mechanical condition as not to endanger the driver or other occupant or any person upon the highway." Section 66–173, A.C.A.1939 as amended A.C.A.Supp.1952, provides that it is a misdemeanor for "any person to drive or move * * * any vehicle * * * which is in such unsafe condition as to endanger any person * * *."