306 P.2d 281

**PACIFIC GREYHOUND LINES,**
a corporation, Appellant,

v.

Alfred M. **UPTAIN,** Appellee.

No. 6103.

Supreme Court of Arizona.

Jan. 22, 1957.

Jennings, Strouss, Salmon & Trask, Rex H. Moore and William T. Birmingham, Phoenix, for appellant.

Shimmel, Hill & Cavanagh, Ferris W. Bellamak, Phoenix, for appellee.

LA PRADE, Justice.

Plaintiff-appellee, Uptain, commenced the action, out of which this appeal arose, against the defendant-appellant, Pacific Greyhound Lines, to recover property damages resulting from a collision between his automobile and the appellant's bus. The defendant filed a counterclaim claiming property damages which it sustained. The cause was tried before a jury which found in favor of the plaintiff on his complaint and against defendant on its counterclaim. Judgment having been entered in favor of plaintiff, and defendant's motion for judgment n.o.v. and motion for new trial in the alternative having been denied, it appealed.

The accident happened at night at a point about eight miles west of Winslow, Arizona, on U. S. Highway 66. On that evening the plaintiff was requested to use his automobile to push a pickup truck driven by another person in order to assist starting the truck. This highway bears east and west and was approximately forty feet wide at the point of impact. The night was cold and clear and the topography such that lights could be seen for three miles. After moving the truck onto the highway the plaintiff proceeded to push it to the east in the eastbound lane. The pushed vehicle started almost immediately. Defendant's bus was approaching from the east in the westbound lane. When approximately three hundred feet from the point of impact appellant's bus driver observed the lights of the pushed truck and shortly thereafter noticed one of the headlamps of another vehicle in close proximity at the rear of the truck. Appellant's bus driver testified that as the bus met the truck (which he claimed passed him) the appellee suddenly turned northward from behind the truck into the westbound lane of traffic at a time when the bus was not more than twenty to twenty-five feet away. Plaintiff's testimony in this regard was that the pushed vehicle actually turned left in front of the approaching bus and crossed the westbound lane into a clear area off the highway prior to the collision, and that he thereafter made a left turn into the westbound lane (intending to head back west) when he noticed the headlamps of the bus. At the moment of this observation plaintiff's automobile was headed in a northerly direction on the north side of the highway, and was about one hundred or one hundred and twenty-five feet from the defendant's Greyhound bus. Plaintiff testified that the bus was travelling near the center line of the highway at a speed of forty-five to sixty miles per hour. After

the plaintiff noted the presence of the bus he attempted to continue his travel across the highway. There was evidence that the icy condition of the road prevented plaintiff from gaining the same amount of traction he would normally have gained had the road surface been dry. Shortly before the impact the bus veered toward the north edge of the roadway. At the point of impact the plaintiff's automobile had almost cleared the roadway and only eighteen to thirty-six inches of his car still remained on the paved portion of the road. The right front portion of the bus collided with the right rear portion of plaintiff's automobile about eighteen inches forward of the plaintiff's rear bumper.

Appellant assigns as error the giving of plaintiff's requested instruction pertaining to failure to keep a proper lookout and the court's instruction on the doctrine of last clear chance. Appellant does not assail the content of either instruction but contends merely that neither was applicable.

In assailing the propriety of giving the instruction on failure to keep a proper lookout appellant contends that plaintiff's allegation of negligence was insufficient to present this issue, and that no competent evidence was adduced to support such instruction. We do not agree with appellant on either score.

■ When a party pleads specific negligence he is limited in his proof to the specific acts pleaded, City of Phoenix v. Green, 49 Ariz. 376, 66 P.2d 1041; but where a party alleges general negligence he is not limited to specific acts of negligence, Murphy v. Thompson, 70 Ariz. 250, 219 P.2d 334.

■ Plaintiff's allegation of negligence recites:

"That a bus owned and operated by the defendant in its business was driven in a grossly negligent manner and in complete disregard for the conditions of the road and the people upon the highway, and was negligently driven into and upon plaintiff's automobile causing the plaintiff great damage."

In Marcione v. Marcione, 79 Ariz. 336, 289 P.2d 689, where the complaint stated that the defendant drove his automobile " 'in such a careless and negligent manner as to cause the same to overturn * *' ", we held that such allegation was sufficiently general to permit proof of acts of negligence related to the actual control of the car including failure to keep a proper lookout. If the allegation in the Marcione case, supra, raised the issue of failure to keep a proper lookout, which we think it did, certainly the allegation here where it is recited "That the bus * * * was driven * * * in complete disregard for the condition of the road and the people upon the highway * * *" would raise such issue regardless of whether we chose

to classify the allegation general or specific. We therefore hold that the allegation of negligence was sufficient to present the issue of failure to keep a proper lookout. Cf. Webb v. Hardin, 53 Ariz. 310, 316, 89 P.2d 30.

■ The next question is: Was there sufficient testimony of a failure to keep a proper lookout to authorize the giving of the instruction? The law in this jurisdiction is that no triable issue is created on allegations alone unless supported by evidence, Butane Corporation v. Kirby, 66 Ariz. 272, 187 P.2d 325; Morris v. Aero Mayflower Transit Co., 73 Ariz. 390, 242 P.2d 279; Southwest Cotton Co. v. Clements, 25 Ariz. 169, 215 P. 156, and inferences which reasonably and logically flow from that evidence. Atchison, T. & S. F. R. Co. v. Hicks, 64 Ariz. 15, 165 P.2d 167. As above recited there was a marked conflict in the evidence. Plaintiff testified that when he made his turn into the westbound lane the bus was one hundred to one hundred and twenty-five feet away, whereas appellant's bus driver testified that appellee turned suddenly into the westbound lane when only twenty to twenty-five feet separated the vehicles. From this testimony the jury might well have believed plaintiff's version and that appellant's bus driver in fact failed to see the vehicle of plaintiff until it was only twenty to twenty-five feet distant. If the jury chose to believe plaintiff it could have reasonably concluded therefrom that appellant's bus driver was negligent in failing to keep a proper lookout.

The last question presented by this appeal is whether the trial court erred in instructing the jury on the doctrine of last clear chance. Appellant asserts that the evidence adduced did not warrant the giving of such an instruction. At this point we want to point out the further fact that defendant's bus driver testified that had he seen plaintiff's automobile when he was as little as sixty feet away from it he could have avoided the collision by veering to his left and passing to the rear of plaintiff's car. The doctrine of last clear chance as it applies in this jurisdiction was correctly re-enunciated (although incorrectly applied) in our recent case of Trauscht v. Lamb, 1954, 77 Ariz. 276, 270 P.2d 1071. In this case the majority opinion followed the doctrine as set forth in the Restatement of the Law, Torts, section 479, and first approved in our case of Casey v. Marshall, 1946, 64 Ariz. 232, 168 P.2d 240.

■ An instruction by a trial court not based upon the evidence in the case is misleading, confusing and calculated to induce the jury to believe that such a state of facts exists and may be considered by them. Butane Corporation v. Kirby, supra; City of Phoenix v. Mubarek Ali Khan, 72 Ariz. 1, 229 P.2d 949. This rule is particularly significant in the case of an in-

struction on the doctrine of last clear chance because of its extremely suggestive nature. It is, therefore, incumbent on the trial court to exercise the utmost caution in its determination of the applicability of such an instruction. The only guide which is afforded is that the instruction is never justified unless each element of the doctrine as set forth in the text referred to is supported by evidence actually adduced or to reasonable inferences referrable thereto.

In appraising the evidence for instruction purposes we are of the opinion that the trial judge should be guided by whether the evidence would warrant the jury in reasonably concluding that the plaintiff negligently subjected himself to a risk of harm (turning crosswise to oncoming traffic) from the defendant's subsequent negligence at a time when he (plaintiff) was unable to avoid it by the exercise of reasonable care (no traction due to icy condition of roadway), and that defendant knew, or by the exercise of reasonable care should have known, of plaintiff's situation and the peril involved therein, and would have discovered plaintiff's situation had he exercised the vigilance which it was his duty to the plaintiff to exercise, and that he was thereafter negligent in failing to utilize with reasonable care and competence his then existing ability to avoid harming plaintiff. Defendant's bus driver admitted that he could have and would have avoided the collision had he had as much as sixty feet within which to accomplish the feat. Plaintiff testified he had as much as one hundred feet.

Judgment affirmed.

UDALL, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.