416 P.2d 983

**R. S. FULTON, also known as Bob Fulton, doing business as Bob Fulton Trucking Company, and William Earl Patterson, Appellants,**

**v.**

**Joyce JOHANNSEN, surviving widow of Arnold Johannsen, deceased, Appellee.**

**No. 1 CA–CIV 178.**

Court of Appeals of Arizona.

July 25, 1966.

Rehearing Denied Sept. 2, 1966.
Review Denied Oct. 18, 1966.

Trew & Woodford, by R. R. Woodford, and Evans, Kunz & Bluemle, by Donald R. Kunz, Phoenix, for appellants.

Kenneth Rosengren, Phoenix, for appellee.

STEVENS, Chief Judge.

Arnold Johannsen met his death on 4 December 1963. The motorcycle he was riding collided with a truck as the truck was proceeding from the easterly or north bound lane across Johannsen's westerly or south bound lane, at a point not near a street intersection. The jury awarded a verdict of $200,000 and judgment was entered accordingly after an appropriate reduction reflecting money paid pursuant to a covenant to not execute in relation to other parties defendant. The appeal presents issues relating to a claimed excessive verdict and claimed errors in instructions.

The Johannsens were married on 5 October 1954, and had lived in Arizona approximately five years next before the fatal accident. On the date of his death he was 29 years of age and Mrs. Johannsen was 25 years of age. Their four children were age 8, 7, 5 and 1. Johannsen had been steadily employed during his time in Arizona. For a number of years he worked the graveyard shift at an all night service station being the sole employee during most of the hours of this employment. Approximately three months before the accident he changed jobs taking a reduction in income, the change being made because the new employment afforded a greater opportunity to be with his family and also afforded a greater opportunity for advancement. His gross pay at the time of his death was $400 a month and he was due for a $25 raise on the payday next following his death. Both of his employers spoke highly of him. He was described as a fine family man and a good neighbor.

The action now under consideration was brought by the surviving widow on her own behalf and on behalf of the four surviving children, three sons and a daughter. The amended complaint did not allege negligence in general terms, it alleged seven specific acts of negligence, the seventh being last clear chance. The answer denied any negligence on the part of the defendants and set forth the defenses of sole negligence and contributory negligence. There was another major issue which was resolved by the trial court as a matter of law, this decision not being presented to us for review. Historically, this case is of interest in that it was the first jury case tried in the then new Superior Court Building.

In relation to claimed errors in instructions, the appellee urges that the court is not permitted to review the instructions which, on appeal, are claimed to be erroneous unless proper exceptions thereto were presented to the trial court. Rule 51(a) of the Rules of Civil Procedure, 16 A.R.S., is as follows:

"Instructions to jury; objection. At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after arguments are completed. *No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objections.* Opportunity shall be given to make the objection out of hearing of the jury." (Emphasis supplied.)

The emphasized portion of the above quotation is an adequate statement of the legal principle involved. There are a number of Arizona cases on the subject. Illustrative cases are: Salinas v. Kahn, 2 Ariz. App. 181, 407 P.2d 120; 2 Ariz.App. 348, 409 P.2d 64 (1965); Kostolansky v. Lesher, 95 Ariz. 103, 387 P.2d 804 (1963); Michie

v. Calhoun Bros. Livestock Transp. Co., 85 Ariz. 270, 336 P.2d 370 (1959).

In conjunction with Rule 51(a), we also consider Rule 59 relating to motions for new trial. Rule 59(c) is as follows:

"1. The motion for new trial shall be in writing, shall specify generally the grounds upon which the motion is based, and may be amended at any time before it is ruled upon by the court.

"2. Upon the general ground that the court erred in admitting or rejecting evidence, the court shall review all rulings during the trial upon objections to evidence.

"3. Upon the general ground that the court erred in charging the jury and in refusing instructions requested, the court shall review the charge and the rulings refusing an instruction requested.

"4. Upon the general ground that the verdict, decision, finding of fact, or judgment is not justified by the evidence, the court shall review the sufficiency of the evidence."

Subsection 3 of Rule 59(c) must be read in conjunction with Rule 51(a).

An examination of the record which was made at the time of the settling of the instructions discloses that the plaintiff excepted to the refusal of the court to give two of the plaintiffs instructions, one of these being on the subject of last clear chance.

The defendants excepted to the giving of Plaintiff's Requested Instruction No. 1 which reads as follows:

"The plaintiff has alleged several allegations of negligence in the pleadings. It is necessary, however, for the plaintiff to prove only one of the allegations of negligence in order to sustain her case on that issue."

In connection with this instruction, the record reflects that:

"Defendant objects to the giving of Plaintiff's Requested Instruction Number 1 because it does not include all of the elements required to be shown before a plaintiff can recover, and implies to the jury that if the Defendant was negligent in any way, that the Plaintiff is entitled to recover, which is contrary to the law."

The defendants further excepted to the giving of Plaintiff's Requested Instruction No. 7 which reads as follows:

"A person who, without negligence on his part, is suddenly and unexpectedly confronted with peril arising from either the actual presence or the appearance of imminent danger to himself or others, is not expected nor required to use the same judgment and prudence that is required of him in the exercise of ordinary care in calmer and more deliberate moments. His duty is to exercise only the care that an ordinarily prudent person would exercise in the same situation. If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by any ordinarily prudent person under the same conditions, he does all the law requires of him, although in the light of after-events, it should appear that a different course would have been better and safer."

The exceptions to this instruction urge that there was no evidence as to whether or not the deceased was faced with a sudden and unexpected peril or that the deceased exercised any judgment due to the appearance or the fact that the truck was "momentarily blocking * * * (the) decedent's right-hand side of the highway". There was a further exception to the court's refusal to instruct in relation to a matter which was resolved by the court as a matter of law, a matter not before us on appeal.

On appeal the defendants urge that the giving of the imminent peril instruction was error in that the principles of law involved apply to defendants only and not to plaintiffs. In support of this contention, they cite the case of Dobbertin v. Johnson, 95 Ariz. 356, 390 P.2d 849

(1964). In our opinion, this case does not so hold. In our opinion the imminent peril instruction is one which aids the jury in determining the presence or absence of negligence, one which aids in evaluating the reasonable prudent person, whether it be the negligence of the plaintiff or the negligence of the defendant. While there could be no evidence as to the state of mind of the deceased in relation to exercising a choice, the evidence was such that the deceased had the opportunity to exercise a choice even though it may be that none of the alternatives were attractive.

■ The defendants urge that it was error to give Plaintiff's Instruction No. 1 in that with the specificity of the pleading of negligence, a recovery on behalf of the plaintiff must be within the grounds specifically plead. Hall v. Delvat, 95 Ariz. 286, 389 P.2d 692 (1964). This contention arises for the reason that in the opening argument to the jury the attorney for the plaintiff in outlining the issues referred to this instruction and then enumerated the seven alleged grounds of negligence including last clear chance. The argument of the plaintiff did not stress last clear chance. The argument on behalf of the defendants did not point out the absence of issues on last clear chance. A reading of the instructions and the arguments convinces this Court that this brief mention of last clear chance in the argument did not confuse the jury. There was no objection to the argument during the course thereof nor was a record made before the jury retired. Objections for the purpose of preserving questions of law are permitted in that Rule 51(d) is as follows:

"Interruption of counsel during argument. Interruption of counsel in argument will not be permitted, except for the purpose of raising a question of law."

Objections not preserved before the jury retires are normally deemed waived. Bruno v. San Xavier Rock & Sand Co., 76 Ariz. 250, 263 P.2d 308 (1953); City Transfer Co. v. Johnson, 72 Ariz. 293, 233 P.2d 1078 (1951).

■ Plaintiff's Instruction No. 4 was given as modified and as given, reads as follows:

"Ordinarily it is a question of fact for the jury to decide whether particular conduct was negligent. Such is not the case, however, where a person violates a specific rule made by the legislature to govern the kind of conduct in question. Where an automobile driver violates a statute or ordinance enacted for the safety of persons or property, such a violation is negligence as a matter of law. If such violation is proved, it is your duty to find that conduct to be negligence regardless of any opinion you might have about it.

"It may become necessary for you to consider in your deliberations, certain laws of this state which were in effect at the time of the accident in question and which controlled the operation of motor vehicles. I will read them as follows:

\* \* \* \* \* \*

"No person shall turn a vehicle \* \* \* to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until the movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner provided by this article in the event any other traffic may be affected by the movement."

\* \* \* \* \* \*

"Should you find that any party to this suit violated any of the above laws, then that party would be guilty of negligence as a matter of law and you should not debate that issue further, but should then consider the issue whether that negligence was a proximate cause of the injury."

It is urged that there was no evidence to which the jury could apply the language

"without giving an appropriate signal in the manner provided by this article" and that there was no instruction which explained this language. It is further urged that this therefore becomes fundamental error. The record discloses that the defendant driver testified that he activated his blinker light turn signal approximately 200 yards before he turned. This evidence coupled with the experience of people in the driving of automobiles together with the absence of an objection, persuades this Court that there was no error in this instruction.

The defendant urges that it was fundamental error to not give Defendant's Requested Instruction No. 22 which is as follows:

"Ladies and Gentlemen, I instruct you that in the event you find for the plaintiff, then, in arriving at the amount due her and her children for the loss of income that plaintiff's decedent would have furnished had he lived the normal life expectancy which I have instructed you is 38.61 years, that sum should be reduced to its present worth and, in arriving at its present worth, you may use the tables provided by the Arizona Statute concerning the same."

It is urged that the failure to give Defendant's Requested Instruction No. 22 contributed in part to the claimed excessive verdict.

■ Rule 51(a) is supplemented by Rule VIII, paragraph (b) of the Uniform Rules of Practice, 17 A.R.S., which is as follows:

"Jury instructions and interrogatories. Unless otherwise directed in the pretrial order, counsel shall, prior to the commencement of a jury trial, submit to the trial judge an original and one copy of all instructions and interrogatories which counsel intends to request the court to submit to the jury. Counsel shall be deemed to have waived request for other instructions and interrogatories, except those which could not reasonably have been anticipated prior to trial."

Plaintiff urges that the requested instruction No. 22 was an afterthought which was presented just before the jury retired. This contention is not reflected in the record and we can give it no consideration. On the other hand, the defendants did not preserve a record in relation to this requested instruction and for this reason alone, we need not consider the same. In urging the matter of fundamental error, the defendants state that present cash value is the governing rule and they cite the personal injury case of Rodgers v. Bryan, 82 Ariz. 143, 309 P.2d 773 (1957). In *Rodgers* the issue was raised in the trial court and assigned as error on appeal. In relation to other matters the defendants properly urge that it is error to instruct in relation to a matter not supported by the evidence and that to do so may be misleading and confusing. Pacific Greyhound Lines v. Uptain, 81 Ariz. 359, 306 P.2d 281 (1957); Coyner Crop Dusters v. Marsh, opinion on rehearing, 91 Ariz. 371, 372 P.2d 708 (1962).

■ In relation to "present cash value" we need not consider the propriety of such an instruction where there is no evidence of a proper formula for this computation. Nor do we need to consider which side has the burden of going forward with evidence of this character. Nor do we need to consider the question as to whether the tendered instruction was sufficient in its language to enable the jury to intelligently determine the present cash value. The trial court, in the case of Downs v. Sulphur Springs Valley Electric Cooperative, Inc., 80 Ariz. 286, 294, 297 P.2d 339 (1956),

"* * * instructed the jury, after arriving at such amount, (the accumulated estate) to reduce that figure to its present worth, *telling the jury how to calculate such present worth.*" 80 Ariz. 294, 297 P.2d 344 (Emphasis supplied.)

We find an absence of error in relation to this requested instruction.

The main import of the defendants' presentation on appeal relates to the claimed excessive verdict. It is urged that as an indication that the verdict was excessive,

we should consider that the interest payable at the rate of 6% per annum on the judgment, which was superseded pending the appeal, is double the gross annual earnings of the deceased without invading the principal. During the opening argument the attorney for the plaintiff discussed the earnings of the deceased and his life expectancy. This opened the door for an argument by the defendant in relation to present cash value and there was no argument by the defendant on the question of damages. The position taken by the defendants ignores the change in public policy brought about by the 1956 amendment to the statute in relation to damages in wrongful death actions.

■ Prior to 1956, the Arizona statutory rule as to the measure of damages in wrongful death actions was as follows:

"In every such case the jury shall give such damages as they deem fair and just * * *." Section 31–103 ACA, 1939 Code.

A footnote in the Code well expresses the meaning of the statute:

"Any damages recovered are an asset of the estate, thus the damages are to be measured according to the probable accumulations of the decedent, had he lived his allotted time according to the mortality tables, and are not limited to the compensating of any particular beneficiary. * * * "

The rule as to the measure of the damages was amended effective 14 July 1956, and is set forth in Section 12–613 A.R.S. as follows:

"In an action for wrongful death, the jury shall give such damages as it deems fair and just with reference to the injury resulting from the death to the surviving parties who may be entitled to recover, and also having regard to the mitigating or aggravating circumstances attending the wrongful act, neglect or default. * * * "

In construing Arizona case law in relation to the measure of damages in a wrongful death situation, it is vital to determine which of the two rules was in effect as of the date of the tort causing the death. No longer is the life of a working man who is devoted to his family, who gives of himself, of his guidance and his love to that family, reckoned in terms of the net estate which he might leave behind. Boies v. Cole, 99 Ariz. 198, 407 P.2d 917 (1965); Southern Pacific Company v. Barnes, 3 Ariz.App. 483, 415 P.2d 579, decided 17 June 1966.

■ Our Supreme Court has cited with approval in Young Candy & Tobacco Company v. Montoya, 91 Ariz. 363, 372 P.2d 703 (1962), the following test of excessiveness:

" * * * The damages, therefore, must be so excessive as to strike mankind, at first blush, as being beyond all measure, unreasonable, and outrageous, and such as manifestly show the jury to have been actuated by passion, partiality, prejudice, or corruption. In short, the damages must be flagrantly outrageous and extravagant, or the court cannot undertake to draw the line, for they have no standard by which to ascertain the excess." 91 Ariz. 370, 372 P.2d 707.

In Alabam Freight Lines v. Thevenot, 68 Ariz. 260, 204 P.2d 1050 (1949), the Supreme Court made the following observation: (Page 265 of the Arizona Reports page 1053 of 304 P.2d)

"In addition he will have to pay his attorneys for their work. While we don't know the amount of their fee, it is reasonable to expect they will collect the usual percentage of recovery in cases as this, which will in turn lower his recovery."

While this may not be a proper matter of instruction to the jury, it is a proper matter for consideration by this Court. Applying the test as to excessiveness, we have no difficulty in permitting the verdict to stand.

■ Cases have been reversed for fundamental error as for example, Trojanovich v. Marshall, 95 Ariz. 145, 388 P.2d 149 (1963), wherein an erroneous in-

struction on contributory negligence had been given contrary to the Arizona Constitutional provision. We do not lean toward the reversal of civil cases for claimed fundamental error. We have examined the instructions in the light of the evidence and in our opinion, the issues were properly presented to the jury. Instructions must be read as a whole. Trickel v. Rainbo Baking Company of Phoenix, 100 Ariz. 22, 412 P.2d 852 (1966); Gallagher v. Viking Supply Corporation, 3 Ariz.App. 55, 411 P.2d 814 (1966); Patania v. Silverstone, 3 Ariz.App. 424, 415 P.2d 139 (1966).

The judgment is affirmed.

CAMERON and DONOFRIO, JJ., concur.