**HARLEYSVILLE MUTUAL INSUR-
ANCE COMPANY, Plaintiff-
Appellant,**

v.

**EMPLOYERS CASUALTY COMPANY,
Defendant-Appellee.**

**HARLEYSVILLE MUTUAL INSUR-
ANCE COMPANY, Plaintiff-
Appellee,**

v.

**GLENS FALLS INSURANCE COM-
PANY, Defendant-Appellant.**

**Nos. 25538, 25548.**

United States Court of Appeals,
Ninth Circuit.

Sept. 20, 1972.

Rehearing Denied Oct. 16, 1972.

John H. Lyons (argued), of O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for plaintiff-appellant.

Val A. Cordova (argued), J. Gordon Cook, of Renaud, Cook, Miller & Cordova, Phoenix, Ariz., for defendant-appellee.

Before MERRILL and ELY, Circuit Judges, and GRAY,* District Judge.

ELY, Circuit Judge:

The present controversy arose out of a collision between a dump truck and a motorcycle, which resulted in the death of one Johannsen, the driver of the motorcycle. The deceased's widow instituted a suit in the Arizona state court. Prior to the trial of that suit, the state court granted a motion for summary judgment made by Conway, one of the defendants in the state court action and the insured of Glens Falls. No appeal from the court's action in this respect was taken. In the ensuing trial against the remaining defendants, the state judge instructed the jury, in accordance with Restatement (Second) of Torts § 428 (1965), that since Patterson, the driver of the truck, was operating under an Arizona Corporation Commission Certificate of Convenience and Necessity issued to Fulton, Harleysville's insured, at the time of the accident, the liability, if any, of Patterson and Fulton was joint and several. The jury found in favor of the widow, and a judgment of $191,000 was entered against Patterson and Fulton, representing a jury verdict of $200,000, less $9,000 which had previously been paid to Mrs. Johannsen by United States Fidelity and Guaranty Company, Patterson's liability insurer, in return for a covenant not to execute against Patterson. This judgment was affirmed on appeal. Fulton v. Johannsen, 3 Ariz. App. 562, 416 P.2d 983 (1966).

The various indemnity policies in effect at the time of the collision, in general, were as follows: Harleysville insured Fulton under a liability policy affording coverage of $100,000. United States Fidelity and Guaranty Company afforded coverage to Patterson under a primary liability policy with a limit of $10,000. Glens Falls insured Conway under a $100,000 liability policy. Employers provided coverage to Fulton under a $50,000 liability policy.

---

* Honorable William P. Gray, United States District Judge, Los Angeles, California, sitting by designation.

After the affirmance of the state court judgment, it was satisfied by payments as follows:

(1) Harleysville—its full policy limit of $100,000, plus court costs and interests on the entire judgment.

(2) Fulton personally—$46,000.

(3) Glens Falls—$30,000.

(4) Employers—$15,000.

Prior to the determination of the state court appeal, Fulton had instituted a suit in the District Court against Glens Falls and Employers, seeking a declaration that they were liable for some or all of his personal liability in excess of his $100,000 coverage under the Harleysville policy. Subsequent to the affirmance of the state court judgment, a settlement was reached whereby Glens Falls and Employers contributed the amounts specified above to satisfy Fulton's excess liability. Fulton then moved to dismiss his federal action. Before the District Court granted this motion, however, Harleysville intervened in the suit, and the ensuing dismissal was thus without prejudice to Harleysville. The present action was then instituted by Harleysville, seeking a declaration that Glens Falls was coequally liable for the amount paid by Harleysville toward the satisfaction of the state court judgment, and also stating a claim against Employers.

The District Court granted Harleysville's motion for summary judgment against Glens Falls, reasoning as follows:

"Both Fulton and Conway were motor carriers operating under certificates of convenience and necessity issued by The Arizona Corporation Commission. The policies issued by Harleysville and Glens Falls to Fulton and Conway respectively, provide coverage for vehicles operating under their respective certificates. It has been previously determined that a motor carrier has a nondelegable duty of care to the public that cannot be contracted away. Fulton v. Employers Casualty Company (D.C.Ariz. May 18, 1966) CIV 5641 PHX. Further, it has also been previously determined that Patterson was operating under the certificates of both Fulton and Conway. Johannsen v. Fulton (Arizona Superior Court, Maricopa County, December 22, 1964) No. 158032, aff'd (1966) 3 Ariz.App. 562, 416 P.2d 988; Fulton v. Employers Casualty Company (D.C.Ariz. May 18, 1966) CIV 5641 PHX.[1] Therefore, Harleysville and Glens Falls are on equal footing, and since Patterson's owner's policy constituted the primary coverage for the accident, Harleysville and Glens Falls furnished secondary coverage.

"Consequently, we hold that Glens Falls is jointly liable for the amount paid by Harleysville on the judgment rendered in the state court action of Johannson [sic] v. Fulton, *supra*."

Because of this conclusion, the District Court did not reach the issue of Employers' coverage, considering it to be moot. We are here concerned, therefore, only with the controversy between Harleysville and Glens Falls.

We have carefully examined the Glens Falls policy. It is a standard indemnification policy, affording coverage only "for sums which the insured shall become legally obligated to pay as damages." Appended to the policy is an Arizona Motor Carrier Endorsement, similarly providing coverage for "liability imposed by law upon the named insured." In the Certificate of Insurance filed with the Arizona Corporation Commission, Glens Falls certified that "[t]he liability of the company [Glens Falls] extends to all losses, damages, injuries, or death occurring while the vehicles insured are operated as motor carriers under the Certificate of Convenience and Necessity, heretofor issued to such carrier [Conway] by the Arizona Corpo-

---

I. We question the propriety of the District Court's reliance upon this determination. As our factual recitals indicate, the *Fulton* suit was dismissed before finality had attached to any of the District Court's findings or conclusions therein. *See* 6 Moore's Federal Practice ¶ 56.21 [2].

ration Commission." It is obvious therefore, that Glens Falls' liability on the policy in question is wholly derivative. It could be predicated only upon a determination that Conway was liable to the decedent's survivor.

The reasoning employed by the District Court in holding Glens Falls to be "on equal footing" with Harleysville is somewhat perplexing. The court based its legal conclusion, essentially, upon its determination that Conway, Glens Falls' insured, was jointly liable with Fulton, Harleysville's insured, and Patterson, the driver, for the death of Johannsen. Yet the Agreed Statement of Facts, presented to us in accordance with Rule 10(d), Fed.R.App.P. clearly indicates that there had been a final determination by the Arizona trial court that Conway was *not* liable to Mrs. Johannsen. Moreover, Conway was not a party to the present suit or to the prior federal action instituted by Fulton. Hence, the District Court's redetermination of Conway's liability was improper. We think it contradicted not only established principles of res judicata, *see, e. g.*, Ocean Accident & Guar. Corp., Ltd. v. United States Fidelity & Guar. Co., 63 Ariz. 352, 162 P.2d 609 (1945), but also the Arizona rule precluding suits for contribution among joint tortfeasors. *See, e. g.*, Riexinger v. Ashton Co., 9 Ariz.App. 406, 453 P.2d 235 (1969).

As an alternative to the theory adopted by the trial court, Harleysville advances another theory for upholding the judgment of the District Court. It argues that Fulton was entitled to coverage under the "hired automobile" clause in the Glens Falls policy. This claim also lacks merit. An explicit provision of the policy excludes such coverage with respect to the owners or lessees of hired vehicles. Since all indicia of ownership point to Fulton as the owner of the truck, and since there appears to be no just reason, in the circumstances of this case, to ignore the contract's exclusionary terms, Fulton was not entitled to coverage under the Glens Falls policy. *Com-*

*pare* Travelers Ins. Co. v. McElroy, 359 F.2d 529, 531–532 (9th Cir. 1966).

We therefore conclude that the District Court erred in granting Harleysville's motion for summary judgment. That judgment will be vacated, and upon remand the court will enter its judgment in favor of Glens Falls. In the light of our conclusion, the issue as to Employers' coverage is no longer moot, and the District Court should now proceed initially to resolve the claim asserted against Employers by Harleysville.

Reversed and remanded, with directions.